572 F.2d 700
 Robert M. REES, Warden, California State Prison, Tamal,
California, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF
CALIFORNIA, Respondent,
Wesley Gardner Slocum, Real Party in Interest.
Daniel J. McCARTHY, Superintendent, California Men's Colony,
Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF
CALIFORNIA, Respondent,
Gilbert Leon Pinell, Real Party in Interest.
 Nos. 77-1565 and 77-1587.
 United States Court of Appeals,
Ninth Circuit.
 March 30, 1978.
 
 Owen Lee Kwong, Deputy Atty. Gen., Los Angeles, Cal., for petitioners.
 Mitchell B. Dubick, Dept. of Justice, Washington, D. C., for respondent.
 Petition for Writ of Mandamus From the United States District Court for the Central District of California.
 Before CARTER, GOODWIN and WALLACE, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 In these consolidated petitions for writs of mandamus[1] we are asked to use that extraordinary remedy to require that a district judge, rather than a magistrate, personally conduct evidentiary hearings in the habeas corpus proceedings of two state prisoners. We decline to issue the writs.
 
 
 2
 * In April 1976, Pinell and Slocum, prisoners in the custody of the State of California, separately petitioned the district court for writs of habeas corpus. Pursuant to District Court General Order 104-D, the petitions were referred to a magistrate. After further pleadings, the magistrate ordered that evidentiary hearings be held before him in March 1977. The respondent prison wardens (hereinafter referred to jointly as the state) moved unsuccessfully in the district court to vacate the magistrate's orders. Thereafter the state filed these petitions for writs of mandamus, asking us to compel the district court to vacate its orders denying the state's motions and to enter new orders prohibiting the magistrate from conducting the evidentiary hearings. The state also requested that we directly compel the magistrate to vacate his order requiring the evidentiary hearings. Finally, the state moved this court to stay the proceedings before the district court and the magistrate.
 
 
 3
 By the time we considered the motions to stay, the hearings in the two cases had already been held, although it did not appear from the record that the magistrate had submitted his recommendations to the district judge. We stayed further proceedings pending our disposition of these petitions.[2]
 
 II
 
 4
 The state contends that it is contrary to both federal statutes and the Constitution for a magistrate instead of an "Article III judge" to order and conduct evidentiary hearings in habeas corpus proceedings under 28 U.S.C. § 2254. Although 28 U.S.C. § 636(b)[3] and Rule 8(b)[4] of the Rules Governing Section 2254 Cases in the United States District Court as amended on October 21, 1976, by Pub.L. No. 94-577, 90 Stat. 2729, expressly provide for such hearings, the state contends that these amendments affect only habeas corpus petitions filed after February 1, 1977, thus excluding the petitions in this case.[5] The state also argues that even if the magistrate was authorized by statute to conduct the evidentiary hearings, the general order which automatically referred the habeas proceedings to him was illegal because it denied the state an individual determination by the judge that the evidentiary hearings were required. This, says the state, violates Rule 8(a) of the Rules Governing Section 2254 cases in the United States District Courts.[6]
 
 
 5
 Finally, the state argues that, apart from any statutory authorization, the Constitution itself prohibits the magistrate from conducting the hearings. It is urged that due process restricts this particular exercise of judicial power to judges appointed under Article III of the Constitution, which provides for life tenure during good behavior and bars reductions in compensation. The state suggests that considerations of comity and the balance of our federal system require that state court criminal adjudications not be set aside except upon the personal decision of an Article III judge who himself has heard the witnesses and evaluated their credibility. The provisions in section 636(b) for de novo review by the judge based upon the record of the magistrate's hearing[7] are said to be inadequate.
 
 III
 
 6
 We acknowledge that the state raises questions of importance to the administration of justice in this country. But we deal here with petitions for extraordinary relief, not ordinary appeals. We are therefore concerned not only with the substantive legal issues, but with the broader question of whether these cases are proper ones for the exercise of our mandamus power.
 
 
 7
 We recently had occasion to explore in detail the criteria that guide our power to issue the extraordinary writs. Bauman v. United States Dist. Court, 557 F.2d 650 (9th Cir. 1977). We need not repeat the Bauman analysis by which we derived five general factors governing the issuance of writs of mandamus; our task here is to apply the principles of Bauman to the cases presently before us.
 
 The five guidelines from Bauman are:
 
 8
 (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. . . . (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. . . . (3) The district court's order is clearly erroneous as a matter of law. . . . (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. . . . (5) the district court's order raises new and important problems, or issues of law of first impression.
 
 
 9
 Id. at 654-55. We also said in Bauman that
 
 
 10
 rarely if ever will a case arise where all the guidelines point in the same direction or even where each guideline is relevant or applicable. The considerations are cumulative and proper disposition will often require a balancing of conflicting indicators.
 
 
 11
 Id. at 655.
 
 
 12
 We believe the first two factors cut against the state here. No showing has been made that an ordinary appeal after final disposition of these cases in the district court is inadequate[8] or in any particular way harmful to the state's interests. The worst that could befall the state is that it might be required to participate in a second hearing conducted by the district judge himself if, on appeal, it is decided that the magistrate was indeed acting beyond his authority. This may pose some inconvenience, but it certainly does not render the appellate process inadequate or constitute irremediable harm. Moreover, it may well be that the habeas corpus petitions will ultimately be denied under the procedures to which the state now so strenuously objects. Should that occur, it would be difficult to find any substantial harm or even inconvenience to the state at all.
 
 
 13
 Nor is the state helped by the third factor, for we are unable to conclude that the magistrate's and the district court's orders are clearly erroneous as a matter of law. Indeed, our review of the merits reveals weighty arguments in favor of the district court's position.[9] Since we are here concerned with the broader question of the propriety of mandamus, we need not and do not decide that the state's position on the merits is incorrect and cannot ultimately prevail. We need only decide as we do that the district court's position on the merits is not "clearly erroneous as a matter of law."[10]
 
 
 14
 The fourth guideline of Bauman, whether the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules, is here superficially difficult to apply. Certainly, as the state points out, since the reference of habeas corpus petitions to the magistrate is accomplished by a general order of the district court, this situation is bound to recur. Yet, mere recurrence of a procedure in the district court is not in and of itself objectionable; it is the repetition of error and the disregard of rules with which we are concerned. Since, as we have stated before, it is far from clear that the district court has acted incorrectly at all, neither can it be said that its conduct is an "oft-repeated error." As we pointed out in Bauman, this factor generally applies when a district court has been previously warned that its decision is incorrect. Id. at 660. "Since neither we nor the Supreme Court has yet held that an order of the type being reviewed here is erroneous," id. at 661, the fourth guideline from Bauman is, at best, of questionable applicability.
 
 
 15
 The fifth factor does favor the state's position. Whether the Constitution or the statutes and rules in question permit a magistrate to conduct evidentiary hearings in habeas corpus cases is, as we observed earlier, of great importance to the administration of criminal justice in the federal courts. This is a procedure that is certain to be employed by district courts throughout the nation, and the legality and proper construction of amended section 636(b) and Rule 8(b) apparently involve questions of first impression in our circuit. But this factor, standing alone, would be insufficient to justify a writ of mandamus.
 
 
 16
 "(I)t is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." Kerr v. United States District Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976). Moreover, it was incumbent upon the state to show that its right to issuance of the writ is "clear and indisputable." Id. at 403, 96 S.Ct. 2119. As we weigh the factors, the state here falls far short of that burden. We believe these cases should proceed through the normal appellate process.
 
 
 17
 The petitions for writs of mandamus are denied, and the stay of proceedings previously imposed by this court is, in each case, dissolved.
 
 
 
 [1]
 The petitions are styled as requesting writs of "prohibition and/or . . . mandamus." Since under modern federal practice "little concern is shown to define the possible technical and historic differences between mandamus and prohibition," 16 C. Wright, A. Miller, E. Cooper, E. Gressman, Federal Practice and Procedure § 3932, at 206-207 (1977), we refer in this opinion to the petitions simply as seeking a writ of mandamus. Our authority to issue such writs derives, of course, from the All Writs Act, 28 U.S.C. § 1651
 
 
 [2]
 In Slocum's case the hearing had been continued to April 29, 1977, for the taking of further evidence. Our order permitted that additional hearing to take place unless all parties stipulated to a continuance, but stayed any proceedings thereafter
 
 
 [3]
 28 U.S.C. § 636(b)(1)(B) provides:
 a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
 
 
 [4]
 Rule 8(b)(1) provides:
 When designated to do so in accordance with 28 U.S.C. § 636(b), a magistrate may conduct hearings, including evidentiary hearings, on the petition, and submit to a judge of the court proposed findings of fact and recommendations for disposition.
 
 
 [5]
 The district court, represented by the United States Attorney, responds that it is only amended Rule 8(b) that is restricted to post-February 1, 1977 habeas corpus petitions, and that amended section 636(b) took effect immediately on October 21, 1976, giving the magistrate full authority to conduct the March 1977 hearings. This dispute is centered upon the meaning of section 2(c) of Pub.L. No. 94-577 which states:
 The amendments made by this section shall take effect with respect to petitions under section 2254 . . . filed on or after February 1, 1977.
 (Emphasis added.) The United States Attorney argues that "this section" clearly refers only to section 2 of the law which amends Rule 8(b) but does not discuss section 636(b). The state contends that the quoted language refers to the entire law, and that in any event the authority of the magistrate to conduct evidentiary hearings stems from Rule 8(b) alone, not section 636(b), thus depriving the magistrate of authority to conduct the hearings in question, even under the district court's interpretation of Pub.L. No. 94-577.
 
 
 [6]
 Rule 8(a) provides:
 Determination by court. If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.
 
 
 [7]
 28 U.S.C. § 636(b) provides in part:
 Within ten days after being served with a copy, any party may serve and file written objections to (the magistrate's) proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.
 
 
 [8]
 That the state failed in meeting this burden is of great significance when measured by the Supreme Court's identification of this guideline as a condition for the issuance of mandamus. Kerr v. United States Dist. Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)
 
 
 [9]
 See White v. Estelle, 556 F.2d 1366 (5th Cir. 1977)
 
 
 [10]
 A case could arise, of course, in which the sum of the Bauman indicators makes mandamus appropriate even though the district court's order is not clearly erroneous as a matter of law; we would then need to go beyond the preliminary consideration of the merits that suffices here. These cases do not require us to do so