Landris KELLY, Jr.

v.

**ATLANTIC RICHFIELD COMPANY,**
**a corporation.**

**No. TY–77–296–CA.**

United States District Court,
E. D. Texas,
Tyler Division.

April 4, 1979.

Joe K. Crews, Daves, Crews & McCabe, Tyler, Tex., for plaintiff.

Richard Grainger, Grainger & Price, Tyler, Tex., for defendant.

STEGER, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter having been heard by the Court, without a jury, the Court does hereby enter its Findings of Fact and Conclusions of Law pursuant to Rule 52, Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Plaintiff is a black individual and has brought suit against the Defendant, a corporation engaged, among other things, in the refinement, production, and processing of natural gas in Rusk and Gregg Counties, Texas. Plaintiff alleges causes of action under both 42 U.S.C., Section 2000e et seq., as amended, and 42 U.S.C., Section 1981. Jurisdiction of this Court has not been questioned and I find that this Court has jurisdiction of the parties and the subject matter of the case.

The Plaintiff claims that the Defendant practiced racial discrimination in its employment practices and violated existing law in the following respects:

(1) By failing to promote him to the position of Instrument Technician at the Defendant's Longview, Texas gas plant on April 8, 1975; and

(2) By applying the union promotion and seniority systems which have the intent and/or effect of locking Plaintiff into his present job category, and preventing transfers to positions for which he has applied.

Plaintiff contends that he has suffered loss of wages in the past, and he seeks instatement to the position of Instrument Technician with the Defendant. Plaintiff also seeks injunctive and declaratory relief, attorney's fees, and court costs from the Defendant and the Defendant, by way of cross-action has sought attorney's fees and court costs.

Plaintiff has abandoned his complaint of failure to promote him to the position of Instrument Technician at Defendant's Price, Texas, gas plant on May 29, 1974, and further, has abandoned his complaint of failure to promote him to the position of Gas Tester at Defendant's Longview, Texas, gas plant on December 30, 1974.

Defendant contends that the Instrument Technician job at the Defendant's Longview, Texas, gas plant was an Atlantic Independent Union and not an Oil, Chemical and Atomic Workers' job and was at the Longview plant and not the Price plant. Thus, the Plaintiff had neither bidding nor seniority rights because he was in a different union at a different plant. Defendant further contends that this job was awarded to a Caucasian male who had bidding and seniority rights over the Plaintiff and had qualifications equal or superior to those of the Plaintiff. As to the seniority system of both contracts with Atlantic Independent Union and Oil, Chemical and Atomic Workers, Defendant contends that each system is

facially neutral, applied equally without intent to discriminate, and that each seniority system is not unlawful simply because it may perpetuate pre-act discrimination.

Based on the pleadings, the evidence, and the stipulations of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The Plaintiff was first employed by the Sinclair Oil & Gas Company as a regular laborer on or about April 2, 1968. The Plaintiff was the first black production employee at the Sinclair gas plant located at Price, Texas. At that time, and at all times subsequent thereto, Plaintiff was represented by the Oil, Chemical and Atomic Workers International Union (hereinafter called OCAW). On or about March 4, 1969, the Sinclair Oil & Gas Company merged with Atlantic Richfield, the Defendant herein, whose employees were represented by the Atlantic Independent Union (hereinafter called AIU). Subsequent to such merger, Defendant had two bargaining units, AIU and OCAW, both of which retained jurisdiction of jobs that were within their respective unions before the merger. Both union contracts provide for protection of employees' existing rights through a system which mandates that the job be awarded based on seniority and qualifications to the employee represented by the union covering that job.

2. On or about October 2, 1968, Plaintiff received a promotion to the position of Roustabout "B". On April 2, 1969, Plaintiff received a promotion to the position of Roustabout. On September 18, 1970, Plaintiff bid on the position of Roustabout-Chartman. Plaintiff did not receive the position, as the regular Roustabout returned to work after being sick. On April 14, 1971, Plaintiff bid on the position of Roustabout-Operator. Again, Plaintiff did not receive the position, as he was not the senior qualified bidder. On August 20, 1973, Plaintiff received a promotion to the position of Roustabout-Operator. On December 11, 1973, Plaintiff bid on the position of Operator. Plaintiff did not receive the position, as he was not the senior qualified bidder. On June 5, 1974, Plaintiff bid on and received a promotion to Plant Operator.

3. On or about April 8, 1975, Plaintiff submitted a request for the position of Instrument Technician at the Defendant's Longview gas plant. That position is represented by the AIU and not by OCAW, Plaintiff's union. Defendant filled the position with Walter Peterson III, a male Caucasian employee, and member of the AIU. The Court finds that the Plaintiff did not have seniority or bidding rights to the Instrument Technician job of April 8, 1975. The Court also finds that W. R. Peterson III, the employee to whom the job was awarded, had seniority and bidding rights and was qualified.

■ 4. The Court finds that the promotion and seniority systems of the OCAW and AIU contracts are facially neutral and are legitimate seniority systems which are entirely bona fide. They apply equally to all races and ethnic groups and do not have the intent or effect of locking Plaintiff into his present job category preventing transfer to positions for which he has applied. Said promotional and seniority systems have not been used by Defendant as a means of intentional racial discrimination.

## CONCLUSIONS OF LAW

1. Plaintiff has not been denied employment opportunities available to Caucasian employees of Defendant, pursuant to Title VII of the Civil Rights Act of 1964, as amended. Specifically, Defendant has not violated Sections 703(a)(1), 703(a)(2), and 703(h) of Title VII by its actions, nor has it violated 42 U.S.C., Section 1981.

2. Plaintiff has not proven that Defendant failed to promote the Plaintiff based on any criteria applied in a discriminatory manner.

■ 3. Plaintiff has failed to carry his burden to establish a prima facie case of racial discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

4. Even if Plaintiff had been able to establish a prima facie case of racial discrimination, the presumption thus created would have been overcome by the Defendant's proof of legitimate, non-discriminatory reasons for rejection of the Plaintiff's bid on April 8, 1975, for the position of Instrument Technician at the Defendant's gas plant at Longview, Texas. *Id.*

5. Plaintiff produced no evidence that Defendant's reasons for failing to promote him were a mere pretext for racial discrimination in violation of the Act. *Id.*

6. The seniority system established by Defendant's contracts with Oil, Chemical and Atomic Workers and Atlantic Independent Union is not unlawful because it honors employees' existing rights, nor has said system been unlawfully applied by Defendant. *See, Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

7. All other relief specifically requested by either party herein is hereby denied, and court costs are taxed against the Plaintiff.

8. Any finding of fact what constitutes a conclusion of law shall be deemed a conclusion of law and any conclusion of law which constitutes a finding of fact shall be deemed a finding of fact.

Judgment shall be entered accordingly.