**Myrton M. PEARLSWIG, Plaintiff,**

v.

**Lloyd F. RANDOLPH in his capacity as Deferral Coordinator of the Equal Employment Opportunity Commission of the United States of America, Defendant.**

Civ. A. No. 79–2160–C.

United States District Court,
D. Massachusetts.

Sept. 29, 1980.

Myrton M. Pearlswig, pro se.

Michael P. Persico, E.E.O.C., Washington, D. C., for defendant.

MEMORANDUM

CAFFREY, Chief Judge.

This pro se complaint against an official of the Equal Employment Opportunity Commission seeks review of an EEOC finding of no reasonable cause for the plaintiff's

charge of sex and age discrimination. The defendant has moved for dismissal and this Court now grants the motion on the strength of the 12(b)(6) contention. I rule that plaintiff's complaint fails to state a claim upon which relief can be granted.

The plaintiff filed his initial charge of employer discrimination with the EEOC on February 7, 1979. The EEOC deferred the charge to the Massachusetts Commission Against Discrimination (MCAD) for investigation and the latter issued a Notice of Final Disposition and a Lack of Probable Cause Finding on May 16, 1979. The EEOC placed substantial weight on the MCAD finding and concluded on July 30, 1979 that there was no reasonable cause to believe that the plaintiff's allegations were true. Plaintiff received a Letter of Determination confirming such and a Notice of Right to Sue, both dated July 30, 1979. Under Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1), Mr. Pearlswig had 90 days from that date in which to file an action against his employer in United States District Court for a *de novo* review of his charge of discrimination. Plaintiff filed this action not against his employer but against the EEOC on October 30, 1979.

■ The plaintiff sued the wrong party. His right under the Civil Rights Act to a de novo review of the discrimination charge is a right to proceed against his former employer, the Greater Boston Legal Services. Title VII does not confer any express or implied cause of action against the EEOC. *Gibson v. Missouri Pacific Railroad Co.,* 579 F.2d 890 (5th Cir. 1978). The plaintiff charges that the EEOC conducted an incomplete investigation and reached a premature finding of no reasonable cause. The EEOC made its July finding prior to the final disposition of an appeal from the MCAD decision. One should observe, however, that even if the EEOC had acted more egregiously here the plaintiff would still have no express or implied claim against the Commission. It is clear, both from the Supreme Court's observations on Title VII in *Occidental Life Insurance Co. v. Equal*

*Employment Opportunity Comm.,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) and from subsequent decisions, *Hall v. Equal Employment Opportunity Comm.,* 456 F.Supp. 695 (N.D.Cal.1978), that the plaintiff's right to a de novo action against his employer in district court is completely independent of any EEOC action and offers sufficient protection against the deprivation of any constitutional rights.

Indeed, Congress contemplated that such an alternative course of action for aggrieved parties before the EEOC would serve as a safeguard for individual rights, appropriate "where there is agency inaction, dalliance or dismissal of the charge, or unsatisfactory resolution." 118 Cong.Rec. 7168 (March 6, 1972); as quoted in *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355 at 365, 97 S.Ct. 2447 at 2454, 53 L.Ed.2d 402 (1977). The statutory scheme suggests that district courts should be used as an alternative when the EEOC fails to pursue employers, not as a sanction against the EEOC itself. If the plaintiff had any claim it was against the Greater Boston Legal Services as his employer, not against the EEOC.

■ Nor can the plaintiff assert an implied right of action under the due process clause of the Fifth Amendment on the basis of allegedly unfair EEOC procedures. EEOC decisions are investigative and nonadjudicative determinations. The Court of Appeals in this Circuit does not believe "that even arbitrary and capricious denial of the investigative and conciliatory benefits the EEOC can provide to a charging party transgresses the Due Process Clause in a way that would support the implication of a damage remedy." *Francis–Sobel v. University of Maine,* 597 F.2d 15 (1st Cir. 1979).

■ The plaintiff makes some reference in an amended complaint to claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1981. The pleadings are bare of any factual support for those assertions and this Court concludes that the plaintiff has failed to state a claim upon which relief can be granted.

Order accordingly.