Mark FELDSTEIN, Plaintiff,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant.

Civ. A. No. 80–0102–MA.

United States District Court,
D. Massachusetts.

Aug. 31, 1982.

Jeanne Baker, Baker & Fine, Cambridge, Mass., for plaintiff.

Nicholas Inzeo, E.E.O.C., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This case is one of two actions filed by plaintiff, Mark Feldstein, arising out of the refusal of the *Christian Science Monitor (Monitor)* to hire Feldstein due to his religion. The *Monitor* maintains a policy of hiring only Christian Scientists unless there are none sufficiently qualified for the particular position. Feldstein is not a Christian Scientist. In accordance with the procedures in Title VII, Feldstein filed a complaint of religious discrimination with the Equal Employment Opportunity Commission (EEOC). According to the allegations in this action, the EEOC interpreted the religious exemption provision found in § 702 of Title VII, 42 U.S.C. § 2000e–1, in an unconstitutional manner, and thus refused to pursue an investigation of the discrimination charge. This action against the defendant, EEOC, seeks a declaration that § 702 is unconstitutional as interpreted by EEOC. The complaint also seeks an order requiring the EEOC to investigate Feldstein's allegations. Feldstein is also pursuing an independent action against the *Monitor* for religious discrimination in violation of Title VII. *Mark Feldstein v. The Christian Science Monitor,* Civil Action 80–103–MA (D.Mass.).

The EEOC has filed a motion to dismiss for lack of subject matter jurisdiction, Fed. R.Civ.P. 12(b)(1), and failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). Although the jurisdiction issue is logically precedent to the Rule 12(b)(6) motion, the motion to dismiss for failure to state a claim is clearly dispositive, making it unnecessary to consider the jurisdictional difficulties.

The complaint purports to state a claim under Title VII, the Administrative Procedures Act (5 U.S.C. §§ 701–706), the Constitution, and the general mandamus statute (28 U.S.C. § 1361). An examination of each of these bases for relief demonstrates that none of them provide a cause of action for plaintiff in this case.

*Title VII*

■ Congress did not create an explicit right of action against the EEOC in Title VII. Nonetheless, plaintiff calls upon this

Court to imply such a right. For this Court to do so, it must be clear that Congress *intended* to provide that remedy. *Transamerica Mortgage Advisors v. Lewis,* 444 U.S. 11, 21, 100 S.Ct. 242, 247, 62 L.Ed.2d 146 (1979). Regardless of what might be sound policy, this Court is constitutionally incompetent to "legislate" a cause of action not intended by Congress. *Carlson v. Green,* 446 U.S. 14, 29, 100 S.Ct. 1468, 1477, 64 L.Ed.2d 15 (1980).

Here, the language, structure and legislative history all militate against implying the right to sue the EEOC directly. There is no language granting such a right to sue. The structure of the statute is such that plaintiffs who disagree with the EEOC have the right to vindicate their claims directly against the employer. In fact, Feldstein has sued the *Monitor* directly and will be able to attack the constitutionality of the religious exemption in Title VII if that provision is an impediment to recovery against the *Monitor.* Finally, the legislative history indicates that Congress contemplated that the EEOC might fail to properly perform its statutory obligations for any of a number of reasons. *See Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 365, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402 (1977). Consequently, the right to sue *de novo* was granted as the complete remedy for EEOC misfeasance.

The case law is also clear to the effect that the right to sue *de novo* is the sole remedy available to plaintiff. *See e.g. Hall v. EEOC,* 456 F.Supp. 695 (ND Cal.1978); *Georator Corp. v. EEOC,* 592 F.2d 765 (4th Cir. 1979); *Stewart v. EEOC,* 611 F.2d 679 (7th Cir. 1979); *Kelly v. Atlantic Richfield Co.,* 468 F.Supp. 712 (ED Tex.1979). The only court in this Circuit to consider the right to sue the EEOC directly under Title VII emphatically rejected that option:

> The plaintiff sued the wrong party. His right under the Civil Rights Act to a de novo review of the discrimination charge is a right to proceed against his former employer.... Title VII does not confer any express or implied cause of action against the EEOC. *Gibson v. Mis-*

*souri Pacific Railroad Co.,* 579 F.2d 890 (5th Cir. 1978).

\*    \*    \*    \*    \*    \*

> [E]ven if the EEOC had acted more egregiously here the plaintiff would still have no express or implied claim against the Commission. It is clear, both from the Supreme Court's observations on Title VII in *Occidental Life Insurance Co. v. Equal Employment Opportunity Comm.,* 456 F.Supp. 695 (ND Cal.1978), that the plaintiff's right to a de novo action against his employer in district court is completely independent of any EEOC action and offers sufficient protection against the deprivation of any constitutional rights.
>
> Indeed, Congress contemplated that such an alternative course of action for aggrieved parties before the EEOC would serve as a safeguard for individual rights, appropriate "where there is agency inaction, dalliance or dismissal of the charge, or unsatisfactory resolution." 118 Cong. Rec. 7168 (March 6, 1972); as quoted in *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355 at 365, 97 S.Ct. 2447 at 2454, 53 L.Ed.2d 402 (1977). The statutory scheme suggests that district courts should be used as an alternative when the EEOC fails to pursue employers, not as a sanction against the EEOC itself.

*Pearlswig v. Randolph,* 497 F.Supp. 569, 570 (D.Mass.1980).

It is clear that Congress considered the possibility that the EEOC would act in contravention of the important statutory policy of aiding plaintiffs victimized by discrimination. Accordingly, the right to sue *de novo* was enacted. The fact that, according to plaintiff's allegations, the EEOC is *systematically* thwarting the statutory purpose rather than haphazardly denying the benefit of investigation to complainants, does not somehow create a statutory right of action that Congress chose not to grant. Consequently, the plaintiff has no right to sue the EEOC directly under Title VII.

*Administrative Procedures Act*

The Administrative Procedures Act (APA) provides no independent jurisdiction-

al basis for a suit against a federal agency. *See e.g. Am. Assoc. of Commodity Traders v. Dept. of Treasury,* 598 F.2d 1233, 1235 (1st Cir. 1979). Rather, a cause of action is provided under the APA to review final agency actions, 5 U.S.C. § 551(13), or when review is permitted under a particular statute, 5 U.S.C. § 704. Since Title VII does not permit suit against the EEOC, this action may be maintained only, if at all, as a review of final agency action under § 551(13).

To constitute final agency action, the EEOC decision not to investigate must impose some obligation or deny the plaintiff some right. *See Environmental Defense Fund, Inc. v. Ruckelshaus,* 439 F.2d 584, 589 n.8 (D.C.Cir.1971); *ITT v. Electrical Workers,* 419 U.S. 428, 443, 95 S.Ct. 600, 609, 42 L.Ed.2d 558 (1975). Here, the EEOC refusal to investigate does neither. Plaintiff is not required to do anything due to this EEOC decision. Further, plaintiff's "right" is to bring a *de novo* suit when dissatisfied with EEOC action. That right has not been denied. The APA, therefore, provides no basis for this cause of action.

*Constitution*

Plaintiff also seeks to bring this suit directly under the First and Fifth Amendments. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Even assuming that a *Bivens*-type claim can be maintained beyond the Fourth Amendment context of the *Bivens* case, it is not available here. The First Circuit Court of Appeals dispositively precluded an implied remedy against the EEOC under the constitution with the decision in *Francis-Sobel v. University of Maine,* 597 F.2d 15, 17–18 (1st Cir. 1979):

▇ There remains to be considered any interest appellant may have lost which proper EEOC processing might have provided. Because a determination of reasonable cause is nonbinding and nonfinal, investigative and not adjudicative, we cannot say that the failure to receive such a determination represents any loss that implicates the Due Process Clause. *See Generator Corp. v. EEOC, supra.* Nor do we think that even arbitrary and capricious denial of the investigative and conciliatory benefits the EEOC can provide to a charging party transgresses the Due Process Clause in a way that would support the implication of a damage remedy. Unlike *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), this case involves the loss of alleged statutory rights to administrative assistance in the vindication of underlying, fundamental statutory and constitutional interests. The interests themselves have not been lost, only the help that Congress intended charging parties receive in vindicating those rights. We think that such statutory rights, if they be "liberty or property" at all within the meaning of the Due Process Clause, are so tangential to the central thrust of Title VII rights—for the deprivation of which Congress did provide a remedy—that an implied right of action cannot and should not be found here. Indeed, were we to find that the right to EEOC assistance is protected by an implied right of action found in the Fifth Amendment, then every federal bureaucrat would be subject to judicial review of the most minute aspects of his responsibilities as they affect members of the public. Such is a task we are neither eager nor constitutionally competent to undertake.

*Francis-Sobel v. University of Maine,* 597 F.2d at 18; *Pearlswig v. Randolph,* 497 F.Supp. at 570.

As in the case of the Title VII remedy, the mere fact that plaintiff alleges a systematic rather than haphazard denial of the right to investigative assistance is not enough to elevate the interest involved to constitutional significance. Therefore, no cause of action can be stated against the EEOC directly under the Constitution.

*Mandamus*

▇ Plaintiff must establish two elements to warrant mandamus relief: (1) the duties to be compelled must be entirely

ministerial involving neither judgment nor discretion, *Iowa City-Montezuma Railroad Shippers Assoc. v. United States,* 338 F.Supp. 1383 (S.D.Iowa 1972); (2) the obligation to perform must be clearly defined. *ICC v. New York, N.H. & H.R. Co.,* 287 U.S. 178, 53 S.Ct. 106, 77 L.Ed. 248 (1932). Plaintiff has the burden of demonstrating each element clearly and indisputably. *See In Re Special March 1974 Grand Jury,* 541 F.2d 166 (7th Cir.), *cert. denied,* 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 773 (1976). The investigative decision depends on the judgment of the agency. The extent of the obligation to conduct that investigation is not clear either. However, even if each element was met, mandamus is inappropriate in this case. This is not a case where the plaintiff is requesting that the agency comply with a clear Congressional or constitutional mandate. Rather, the entire thrust of the challenge to the religious exemption is that either Congress or the agency or both failed to properly balance competing First Amendment values. Mandamus would not be warranted in such a case.

The right to mandamus is governed by the district court's judicial discretion and therefore is bounded by the general principles of equity. *See Kerr v. United States District Court for Northern District,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Rees v. United States District Court,* 572 F.2d 700 (9th Cir. 1978). The court's discretion is to be invoked sparingly. *Parr v. United States,* 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956). Thus, mandamus is not available when there is another remedy available. *Cook v. Arentzen,* 582 F.2d 870, 876 (4th Cir. 1978). Here the plaintiff can fully vindicate his rights against the employer directly. He is not foreclosed from challenging the constitutionality of § 702 or obtaining the relief he seeks from the employer.

Plaintiff's *Reply Memorandum on Justiciability,* relying solely on *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), argues that when Congress enacts a statute that impermissibly denies administrative benefits to a distinct class, victims of that policy can vindicate their rights directly against the agency. Without commenting on the soundness of that principle generally, it is sufficient to note that is not this case. The congressional act is directed toward the conduct of employers and grants certain exemptions. While there may be some collateral consequences in any interpretation of the statutory exemption, those consequences are not sufficient to provide the basis for a mandamus suit against the agency. If the congressional act ordered the EEOC not to investigate certain claims, then a suit against the EEOC might be the only remedy. But where Congress, as it has here, merely defines the substantive reach of the statute, the right to test that judgment can be vindicated fully against the employer. Consequently, mandamus provides no basis for this action either.

Accordingly, none of the bases asserted by the plaintiff provide a cause of action.[1] The defendant's motion to dismiss for failure to state a claim is granted and the complaint is dismissed.

SO ORDERED.

---

1. At the hearing, counsel argued, somewhat mildly, that a collateral result of the EEOC's failure to investigate was to deprive Feldstein of the EEOC's investigative file. There is some question whether plaintiffs should be able to discover information gathered by the EEOC during its investigation of alleged employment discrimination. *Compare H. Kessler Co. v. EEOC,* 472 F.2d 1147 (5th Cir.) (en banc), *cert. denied,* 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 398 (1973) (disclosure permitted), with *Sears, Roebuck and Co. v. EEOC,* 581 F.2d 941 (D.C. Cir.1978). That question need not be resolved in this case.