**William J. CAVANAUGH and Louise V. Cavanaugh, Plaintiffs,**

v.

**UNITED STATES GOVERNMENT and United States Air Force,[1] Defendants.**

**Civ. A. No. 84–4114–Y.**

United States District Court,
D. Massachusetts.

May 19, 1986.

---

**1.** The Cavanaugh's so style their complaint. Neither the "United States Government" nor the "United States Air Force" are entities capable of being sued. The Court will treat the United States as the actual defendant herein.

Louise V. Cavanaugh, Pro se, Natick, Mass., Louis Font, Font & Glazer, Cambridge, Mass., for plaintiffs.

Susan Winkler, Asst. U.S. Atty., Boston, Mass., for defendants.

MEMORANDUM AND ORDER

YOUNG, District Judge.

William and Louise Cavanaugh (the "Cavanaughs") allege that they suffered emo-

tional distress as a result of the investigation by the United States Air Force (the "Air Force") of their son's death. The Cavanaugh's seek an order requiring the Air Force to conduct an "impartial and thorough investigation" of their son's death and an award of $1,000,000 in damages. The complaint rests on the Federal Tort Claims Act, 28 U.S.C. § 2674, and the manadamus statute, 28 U.S.C. § 1361, and asserts four causes of action: 1) negligent (and arguably intentional) infliction of emotional distress; 2) misrepresentation; 3) breach of an oral contract; and 4) a right to mandamus relief for the failure of the Air Force to act. The United States moves for summary judgment pursuant to Fed.R. Civ.P. 56 arguing that, even with all inferences favoring the Cavanaughs, their complaint fails to state a claim upon which relief may be granted. The Court agrees and, for the reasons set forth below, allows the motion of the United States for summary judgment on all counts.

## I.

The facts are simple and not in dispute. On April 11, 1982, the Cavanaughs' son, then a second lieutenant in the Air Force, was found shot in the head in his off-base home in Mesa, Arizona. Mesa police investigated the incident, interviewed Air Force personnel who knew or worked with the decedent, and, based on a note with the body, concluded that the death was a suicide. The Air Force also investigated the death, preparing a Report of Facts and Circumstances. Although the Cavanaughs brought this action to compel a "thorough" investigation, they concede not only that the Air Force prepared a Report of Facts and Circumstances on the death of decedent but also that the Air Force subsequently reviewed that Report. The Court finds this concession significant for it appears that the Cavanaughs' only real complaint is one of scope rather than fact: they invoke the powers of this Court to compel

the Air Force to do a better, or more "thorough," job of investigation.

## II.

■ Giving every inference to the Cavanaughs, the Court will treat Count I as alleging, in the alternative, claims for both the intentional and negligent infliction of emotional distress. To prevail on a claim for the intentional infliction of emotional distress under Massachusetts law [2] the Cavanaughs need not show accompanying physical injury, but must prove the conduct of the Air Force was "extreme and outrageous." *See Agis v. Howard Johnson, Co.*, 371 Mass. 140, 355 N.E.2d 315 (1976); *O'Connell v. Prudential Insurance Co. of America*, No. 82–3078, slip op. at 11 (D. Mass. November 15, 1985). Under the *Agis* standard, the Cavanaughs must show:

1) that the Air Force intended to inflict emotional distress or that it knew or should have known that emotional distress was the likely result of its conduct ...;

2) that the conduct was "extreme and outrageous," "beyond all bounds of decency" and was "utterly intolerable in a civilized community";

3) that the actions of the Air Force were the cause of the distress; and

4) that the emotional distress sustained was "severe" and of a nature that "no reasonable man could be expected to endure it."

*See id.* 371 Mass. at 144–145, 355 N.E.2d 315 (citations omitted.) The Court acknowledges that the death of a loved one causes searing pain and wounds the heart in ways that few can articulate. Nonetheless, there is absolutely no evidence that the responsibility for this pain rests with the Air Force. Emotionally, the Court sympathizes with the Cavanaughs but legally the Court must hold that the failure of the Air Force to investigate the suicide of Second Lieutenant Cavanaugh to his

**2.** Under the Federal Torts Claims Act the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674.

parents' satisfaction does not, under the *Agis* standard, state a claim for the intentional infliction of emotional distress.

■ The Cavanaughs' claim fares no better if treated as a claim for the negligent infliction of emotional distress because Massachusetts law does not recognize a claim for such action absent accompanying physical harm. *Payton v. Abbott Labs,* 386 Mass. 540, 574, 437 N.E.2d 171 (1982) (absent physical harm, Massachusetts does not recognize a right of action for emotional distress from statistical likelihood of serious future disease); *Dziokonski v. Babineau,* 375 Mass. 555, 568, 380 N.E.2d 1295 (1978) (reviewing cases) (allegations of a parent who sustains substantial physical harm as a result of severe mental distress over some peril or harm to his minor child caused by defendant's negligence states a claim upon which relief may be granted).[3] The Cavanaughs' complaint fails to specify the "substantial" harm, the precise physical injury, allegedly caused by the Air Force. Upon a complete review of the present record, the Court must rule that the Cavanaughs' complaint fails to state a claim for the negligent infliction of emotional distress even with every inference taken in their favor.

■ In Count 2 the Cavanaughs allege a breach of contract in that the Air Force "expressly and repeatedly asserted that a thorough investigation would be performed." It is well-established, however, that a contract, whether oral or written, binds only if there is consideration for the promise. *Mecorney v. Stanley,* 8 Cushing 85, 62 Mass. 85 (1851).[4] In addition to consideration, an enforceable contract requires mutual assent. *Gill v. Richmond Co-Op. Assoc. Inc.,* 309 Mass. 73, 34 N.E.2d 509 (1941). After diligent search, the Court can identify neither consideration nor

any other classic indicia of a contract for that matter.[5] The Court must conclude that no contract exists.

■ The Cavanaughs also allege detrimental reliance on the assurances of the Air Force. Even treating this as a claim under the doctrine of promisory estoppel, it must fail because nowhere is there evidence that the Cavanaughs' reliance to their detriment rises to the level of a "legal" detriment—that is, "giving up something which immediately prior thereto the promisee was privileged to retain, or doing something or refraining from doing something which he was then privileged not to do, or to refrain from doing." *Graphic Arts Finishers, Inc. v. Boston Redevelopment Authority,* 357 Mass. 40, 42–43, 255 N.E.2d 793 (1970), (quoting from Williston, Contracts [3rd ed.] § 102A). Accordingly, there can be no recovery on a theory of reliance.

■ In any event, even if the Cavanaughs had alleged a cognizable claim for breach of contract, this Court would lack jurisdiction to hear it. The Tucker Act, 28 U.S.C. § 1491, gives the Court of Claims exclusive jurisdiction over actions against the United States involving breach of express and implied contracts where damages are alleged to exceed $10,000. For this reason alone, if not for the others, the Court must allow summary judgment for the United States on Count 2.

■ Beyond a repetition of Count 1's claim for negligent infliction of emotional distress, Count 3 alleges misrepresentation, apparently based on a "breach of trust," the communication of "inaccurate or misleading information," and "withholding" relevant information. While the Cavanaughs disagree, the Court can identify no

---

**3.** Arizona law supports the same result. *Keck v. Jackson,* 122 Ariz. 114, 593 P.2d 668, 669 (1979) (In order to recover for the tort of negligent infliction of emotional distress, the shock and mental anguish of the plaintiff must be manifested as physical injury).

**4.** *See also Malcoff v. Coyier,* 14 Ariz. App. 524, 484 P.2d 1053, 1055 (1971).

**5.** *See Savoca Masonry Co., Inc. v. Homes & Son Const. Co., Inc.,* 112 Ariz. 392, 542 P.2d 817, 819 (1975) ("It is elementary that for an enforceable contract to exist there must be an offer, an acceptance, consideration and sufficient specification of terms so that the obligations involved can be ascertained").

claim herein other than misrepresentation. Although the United States consents to suit in federal court under the Federal Torts Claims Act, the statute does not waive sovereign immunity for certain intentional torts, including misrepresentation. In relevant part, the statute preserves sovereign immunity for "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation*, deceit or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added). Accordingly, the Court rules that Federal Torts Claims Act entitles the Air Force to summary judgment on Count 3 as matter of law.

The Cavanaughs' last claim requests the extraordinary relief of mandamus, 28 U.S.C. § 1361. The Cavanaughs assert that the Air Force had a duty to them under Air Force Regulation 30–25 to "undertake and complete an impartial and thorough investigation into decedent's death." As stated above, however, the Cavanaughs concede that the Air Force did in fact investigate their son's death. Since it cannot be said that the Air Force failed to "undertake and complete" an investigation, it must be that the Cavanaughs take issue with either the impartiality or the thoroughness with which this investigation was conducted. Finding no intimation of partiality or prejudice, the Court concludes that the only problem the Cavanaughs have with the Air Force report of investigation lies in its purported lack of thoroughness. For a dispute about scope, depth, or breadth of inquiry—given that the Air Force concededly complied with the letter if not the spirit of Regulation 30–25, the Court hesitates to invoke the extraordinary relief of mandamus.

▪ Moreover, 28 U.S.C. § 1361 authorizes mandamus only to compel the performance of "a duty owed the plaintiff." The burden for establishing this duty is upon the Cavanaughs. *Feldstein v. E.E.O.C.*, 547 F. Supp. 97, 101 (D. Mass. 1982) (to be entitled to mandamus relief, the plaintiff "has the burden of demonstrating each element clearly and indisputably"). To prevail, the Cavanaughs must show a "clear right to the relief," a "clear duty to act," and "no other adequate remedy." *Sheehan v. Army and Air Force Exchange Service*, 619 F.2d 1132, 1140–1141 (5th Cir.1980), *rev'd on other grounds*, 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982); *Feldstein v. E.E.O.C.*, 547 F.Supp. at 100–101. Significantly, mandamus may be used "only to command an official to perform a ministerial act" which is, in turn, defined as a "positive command and so plainly prescribed as to be free from doubt." *Feldstein v. E.E.O.C.*, 547 F.Supp. at 100–101; *International Fed. of P. and T. Engin., Loc. No. 1 v. Williams*, 389 F.Supp. 287, 290 (E.D. Va. 1974), *aff'd*, 510 F.2d 966 (4th Cir.1975). In addition, mandamus is inappropriate to direct the manner in which discretionary acts are to be performed. *Panama Canal Co. v. Grace Line Co., Inc.*, 356 U.S. 309, 318, 78 S.Ct. 752, 757, 2 L.Ed.2d 788 (1958) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 166, 2 L.Ed. 60 [1803]); *Feldstein v. E.E.O.C.*, 547 F.Supp. at 101; *J.E. Brenneman Co. v. Schramm*, 473 F.Supp. 1316, 1318–1319 (E.D. Pa. 1979) (Allegation that federal officer or employee owes plaintiff a legal duty which is specific, plain, ministerial, devoid of exercise of judgment or discretion is a requisite for federal mandamus jurisdiction).

▪ Upon the facts before it and absent any indication of bad faith, the Court holds that completed Air Force report of investigation constitutes the required ministerial act while the degree of "thoroughness' represents elements of judgment and discretion beyond the reach of mandamus. The Court nowhere finds a duty that the Air Force investigate a death to the satisfaction of the next of kin. The United States is entitled to summary judgment on Count 4 as matter of law.

### III.

Accordingly, summary judgment must be entered for the United States.

SO ORDERED.