**GEORATOR CORPORATION,
Plaintiff-Appellant,**

v.

**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Defendant-Appel-
lee.**

**No. 78–1161.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1979.

Decided Feb. 23, 1979.

---

Blaine P. Friedlander, Washington, D. C. (Friedlander, Friedlander & Brooks, Washington, D. C., on brief), for plaintiff-appellant.

Everett Vann Eberhardt, E. E. O. C., Washington, D. C. (Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel, Washington, D. C., on brief), for defendant-appellee.

Before RUSSELL, Circuit Judge, JACK R. MILLER, Judge, United States Court of Customs and Patent Appeals, sitting by designation, and PHILLIPS, Circuit Judge.

DONALD RUSSELL, Circuit Judge:

This case arises from a charge filed by Lynda H. Earl with the Equal Employment Opportunity Commission (defendant-appellee) alleging discrimination in the employment practices of Georator Corporation (plaintiff-appellant). The Commission duly notified Georator of the charge, which Georator denied. The Commission did not hold a hearing on the matter, but later issued a subpoena duces tecum, directing Georator to appear before the Commission and produce certain documents. Georator contested the subpoena, whereupon the Commission modified and reissued it. The plaintiff then filed the instant suit in district court.

In the original complaint the plaintiff demanded that the subpoena be set aside, and that Earl's charge of discrimination be dismissed in that it failed to state a claim recognizable at law and because of unreasonable delay on the part of defendant in processing said charge.

Defendant indicated to the court that it would not seek judicial enforcement of the subpoena, and introduced a motion to dismiss the complaint. Prior to the hearing on this motion, the Commission issued a determination of reasonable cause to believe that the charge of discrimination filed against the plaintiff was true, and it invited the parties to conciliate. Plaintiff thereupon filed a motion to hold the defendant in contempt of court for attempting to deprive plaintiff of its opportunity to be heard in court and for obstructing justice.

Oral argument on the motions was heard by the district court and it ordered that the motion to dismiss be granted because of lack of jurisdiction of the subject matter and that the motion for contempt be denied. The court, however, granted plaintiff leave to file an amended complaint. In that complaint, Georator sought review of the defendant's determination of reasonable cause on the charge of discrimination filed against plaintiff. The court then dismissed the amended complaint on the grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Plaintiff appeals from that order.

Plaintiff on appeal contends first that the Administrative Procedure Act (APA) provides for judicial review of the Commission's reasonable cause determination and second, if the APA does not provide for such review, that Title VII of the Civil Rights Act of 1964 violates the due process clause of the Fifth Amendment. For the reasons to be stated, we reject both contentions and affirm the district court's dismissal.

I.

Title VII details the procedures for civil action in an employment discrimination case, but does not provide for preliminary review of the Commission's determination of reasonable cause. Even when suit is brought later by either the EEOC or the charging party, the trial is *de novo*, and the court will not determine whether substantial evidence supported the Commission's preadjudication finding of reasonable cause. *E.E.O.C. v. General Elec. Co.* (4th Cir. 1976) 532 F.2d 359, 370; *Equal Emp. Op. Com'n. v. E. I. DuPont de Nemours and Co., etc.* (D.Del.1974) 373 F.Supp. 1321, 1338, *aff'd.* (3d Cir. 1975) 516 F.2d 1297.

The plaintiff, however, contends that where Title VII does not provide for review, the APA does. The plaintiff points to 5 U.S.C. § 704 (1970), which provides for review of final agency action. "Agency

action," in pertinent part, is defined in terms of "order," *id.* § 551(13), and "order" is further defined as "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing." *Id.* § 551(6). Georator contends that the EEOC's determination is a final disposition, declaratory in form, and thus fits within the definition of order.

The plaintiff's reliance on the form of the determination is misplaced. More is required of an order for it to be final for purposes of review than its mere denomination as such. The Supreme Court had occasion to interpret § 551(6) in *ITT v. Electrical Workers* (1975) 419 U.S. 428, 95 S.Ct. 600, 42 L.Ed.2d 558 and ruled that for an order to be final, it must have some "determinate consequences for the party to the proceeding." *Id.* at 443, 95 S.Ct. at 610.[1] The interpretation in that case is in accordance with established practice. Courts have long considered the touchstone of finality to be the fixing of obligations or legal relationships. *See C. & S. Air Lines v. Waterman Corp.* (1948) 333 U.S. 103, 112–13, 68 S.Ct. 431, 92 L.Ed. 568; *Ecee, Inc. v. F.P.C.* (5th Cir. 1976) 526 F.2d 1270, 1273, *cert. denied*, 429 U.S. 867, 97 S.Ct. 176, 50 L.Ed.2d 147.[2]

No such finality exists with respect to the EEOC's determination of reasonable cause. Standing alone, it is lifeless, and can fix no obligation nor impose any liability on the plaintiff. It is merely preparatory to further proceedings. If and when the EEOC or the charging party files suit in district court, the issue of discrimination will come to life, and the plaintiff will have the opportunity to refute the charges.

## II.

Georator contends that if neither Title VII nor the APA provides for judicial review, then Title VII violates the due process clause of the Fifth Amendment. This position, however, fails to recognize that the Commission's finding of reasonable cause carries no determinate consequences. We have noted before that the EEOC has no adjudicative power, and its proceedings are not binding on the employer. *E.E.O.C. v. General Elec. Co., supra*, 532 F.2d at 370. When only investigative powers of an agency are utilized, due process considerations do not attach. The Supreme Court, noting the differences between investigative and adjudicative functions of agencies, has made this distinction:

> "[W]hen governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process. On the other hand, when governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted, it is not necessary that the full panoply of judicial procedures be used."

*Hannah v. Larche* (1960) 363 U.S. 420, 442, 80 S.Ct. 1502, 1514, 4 L.Ed.2d 1307, *reh. denied* 364 U.S. 855, 81 S.Ct. 33, 5 L.Ed.2d 79. When the preliminary determination is

---

1. In *Ewing v. Mytinger & Casselberry* (1950) 339 U.S. 594, 70 S.Ct. 370, 94 L.Ed. 1088, *reh. denied* 340 U.S. 857, 71 S.Ct. 69, 95 L.Ed. 627, the Commissioner of Food and Drugs was empowered to determine that there was probable cause to believe that the misbranding of products was dangerous, fraudulent, or misleading. The determination could be made without a hearing and would lead to libel suits. The Court ruled that there was no jurisdiction to review the finding of probable cause since such a determination, in and of itself, was without binding legal consequence. *Id.* at 600, 70 S.Ct. 370. *Abbott Laboratories v. Gardner* (1967)

387 U.S. 136, 147–48, 87 S.Ct. 1507, 18 L.Ed.2d 681, was not to the contrary where review was allowed of regulations issued by the Commissioner of Food and Drugs which, although ineffective until a violation occurred, were final, and mandated compliance.

2. In denying review of an Interstate Commerce Commission valuation order, the Court noted that the order neither subjected the complaining carrier to any liability, nor determined any rights or obligations. *United States v. Los Angeles R.R.* (1927), 273 U.S. 299, 309–10, 47 S.Ct. 413, 71 L.Ed. 651.

without legal effect in and of itself, due process will be satisfied if there is an opportunity to be heard before any final order of the agency becomes effective. *Ewing v. Mytinger & Casselberry, supra,* 339 U.S. at 598, 70 S.Ct. 370.

The Commission's determination of reasonable cause, while final in itself,[3] has no effect until either the Commission or the charging party brings suit in district court. Georator will have an opportunity at that time to be heard and defend against the charges. *E.E.O.C. v. General Elec. Co., supra,* 532 F.2d at 370; *E.E.O.C. v. Raymond Metal Products Co.* (4th Cir. 1976) 530 F.2d 590, 594.

The plaintiff further contends, however, that a due process violation will occur upon the admission into evidence of the reasonable cause determination since plaintiff had no opportunity to be heard in that determination. While the admissibility of the determination is not a settled question, we have held before that the refusal to admit records of the investigation is not error. *Cox v. Babcock and Wilcox Company* (4th Cir. 1972) 471 F.2d 13, 15; *Moss v. Lane Company, Incorporated* (4th Cir. 1973) 471 F.2d 853, 856. *Contra, Bradshaw v. Zoological Soc. of San Diego* (9th Cir. 1978) 569 F.2d 1066, 1069; *Smith v. Universal Services, Inc.* (5th Cir. 1972) 454 F.2d 154, 157–58.[4] Whether the determination is altogether inadmissible we need not decide at this time. It is sufficient for due process purposes that, if admissible, it would not be binding, and would carry only as much weight as the trial court ascribes to it. *E.E.O.C. v. Raymond Metal Products Co., supra,* 530 F.2d at 593–94, n. 8; *cf. Morton*

*v. Charles County Board of Education* (4th Cir. 1975) 520 F.2d 871, 876 (ad hoc committee report on discrimination in school system not binding on court; accorded no more weight than any other evidence), *cert. denied,* 423 U.S. 1034, 96 S.Ct. 566, 46 L.Ed.2d 408.

■ Finally, we must note that a central complaint in this case is the plaintiff's allegation of procedural irregularities by the Commission. Without expressing either approval or disapproval of the Commission's methods, we have doubts as to whether its irregularities can bar the cause of action of the charging parties. *See Ramirez v. National Distillers & Chem. Corp.* (9th Cir. 1978) 586 F.2d 1315, 1320. While a primary function of the EEOC is to effect conciliations without resort to judicial process, *E.E.O.C. v. Raymond Metal Products Co., supra,* 530 F.2d at 596; *Latino v. Rainbo Bakers, Inc.* (D.Colo.1973) 358 F.Supp. 870, 871, the charging party can, if conciliation fails to materialize, sue in his own right, regardless of the position the Commission takes. 42 U.S.C. § 2000e–5(f)(1) (1970 & Supp. V 1975).

The trial court in this case properly dismissed the plaintiff's complaint for want of jurisdiction. The APA does not provide for review of such preliminary determinations, and due process considerations are not offended by the nonadjudicative effects of the findings.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*

3. The fact that the determination is termed a final one for the Commission's purposes does not give it any legal effect. In referring to a similar proceeding under the NLRA, the Supreme Court said that "[i]n a tautological sense, of course, the Board's determination in a § 10(k) proceeding is a 'final disposition' of *that* proceeding, but we think that when Congress defined 'order' in terms of a 'final disposition,' it required that 'final disposition' to have some determinate consequences for the party to the proceeding." *ITT v. Electrical Workers, supra,* 419 U.S. at 443, 95 S.Ct. at 610 (emphasis original).

4. In *Chandler v. Roudebush* (1976), 425 U.S. 840, 863 n. 39, 96 S.Ct. 1949, 48 L.Ed.2d 416, a civil suit involving discrimination in federal employment, the Court indicated that Fed.Rules Evid. 803(8)(C) can be used for purposes of admitting into evidence records of administrative proceedings. Such proceedings, however, differ from the investigative determinations of the EEOC. We must withhold consideration on the admissibility issue until presented in an appropriate case.