**Mildred E. FRANCIS–SOBEL,**
**Plaintiff, Appellant,**

v.

**UNIVERSITY OF MAINE, Everett O.**
**Ware, et al., Defendants, Appellees.**

No. 78–1507.

United States Court of Appeals,
First Circuit.

Argued March 13, 1979.

Decided May 3, 1979.

16

Reese P. Fullerton, Jr., Santa Fe, N. M., argued, for plaintiff, appellant.

Mildred E. Francis-Sobel, pro se.

Vincent Blackwood, Atty., Equal Employment Opportunity Commission, Washington, D. C., with whom Issie L. Jenkins, Acting Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel and Beatrice Rosenberg, Asst. Gen. Counsel, Washington, D. C., on brief, for Everett O. Ware, defendants, appellees.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, PETTINE *, District Judge.

COFFIN, Chief Judge.

This is an appeal from a district court's dismissal of a civil rights action for failure to state a claim upon which relief can be granted. We affirm.

Appellant sued the University of Maine, its trustees, and various university officials, alleging that the university discriminated against her on account of race and sex in filling a number of administrative positions in violation of 42 U.S.C. §§ 1981, 1983, 1985(3), 2000e. Appellant also sued the Boston Regional Director of the Equal Employment Opportunity Commission, appellee Everett O. Ware. Finding that appellant's original and two amended complaints failed to state a claim against defendant Ware, the district court dismissed him as a defendant and certified the judgment of dismissal pursuant to F.R.C.P. 54(b). This appeal ensued.

The factual basis of appellant's grievance against appellee revolves around difficulties involved in the administrative processing of appellant's Title VII complaints by the regional EEOC office. Taking all of appel-

* Of the District of Rhode Island, sitting by designation.

lant's factual allegations to be true, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the assistance rendered to appellant by the EEOC was worse than useless. Appellant filed her first complaint with the EEOC on March 31, 1972. There then ensued a game of jurisdictional ping pong in which the EEOC and the Maine Human Rights Commission shuffled her complaint back and forth without acting on it. In May of 1973, the EEOC, through defendant Ware, finally asserted jurisdiction over the complaint. An investigation providing appellant an opportunity to be heard was held in August of 1973.

In February of 1974, appellant filed a second complaint with the EEOC, alleging further discrimination in hiring by the University of Maine and retaliatory discharge of her husband from the university faculty. The EEOC was strangely silent about the 1974 complaint, failing to notify appellant of its filing, failing to notify the university of the charges, and failing to respond to numerous requests from appellant for action. Finally, in September of 1976, the EEOC began processing the complaint. After fifteen days, and without an investigation, the EEOC, through appellee Ware, disclaimed jurisdiction over a number of the charges, found reasonable cause to believe a violation had occurred as to one charge, and found no reasonable cause as to the rest.

We have carefully reviewed the several hundred pages of pleadings filed by appellant in the district court in an effort to discern a federally cognizable claim. Appellant's arguments boil down to essentially two theories: that appellee conspired with the university to deprive appellant of statutory and constitutional rights in violation of 42 U.S.C. §§ 1983 & 1985(3) and that appellee's total disregard of the validity and proper handling of appellant's EEOC complaints gives rise to a *Bivens* implied right of action under the due process clause of the Fifth Amendment. We treat each theory separately.

■ Focusing first on conspiracy, we find appellant's pleadings devoid of any factual allegations that would tend to link

appellee with the university defendants. Appellant sets forth an impassioned picture of bureaucratic inefficiency and disregard of proper procedure that might give rise to an inference of bad faith. But nowhere is a fact alleged that indicates the university's involvement with the EEOC. Pleading conspiracy under sections 1983 & 1985(3) requires at least minimum factual support of the existence of a conspiracy. *Slotnick v. Stavinskey*, 560 F.2d 31 (1st Cir. 1977); *Harrison v. Brooks*, 519 F.2d 1358 (1st Cir. 1975). Appellant has had ample opportunity to cure the defect and has failed to do so. We can only conclude that there is nothing more to be said.

■ The attempt to find a right of action implied in the federal constitution raises the question whether an agency's less than useful attempts to bestow a benefit provided by Congress can be so unhelpful as to violate a constitutional right. We think such is not the case here. Insofar as appellant's arguments are veiled attempts to obtain judicial review of the correctness of appellee's negative determination, it is clear that we have no power to provide redress. *Georator Corp. v. EEOC*, 592 F.2d 765 (4th Cir. 1979); *Archie v. Chicago Truck Drivers*, 585 F.2d 210, 221–22 (7th Cir. 1978). More important, we think the agency's action neither deprived the appellant of any interest she may have had independent of the EEOC nor denied her such substantial EEOC-administered benefits as to give rise to a constitutional claim.

■ Appellant complains that the EEOC "held" her 1981, 1983, and 1985(3) claims against the university until the statute of limitations had expired. Although the record does not reveal whether or not the statute of limitations will be a problem, if it is, appellant must bear the blame. Appellant was free to sue under these statutes irrespective of EEOC processing. *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Appellant's Title VII complaints could be and will be tried out *de novo*, EEOC processing having been completed. Appellant's complaint that appellee injured

her reputation interest is similarly groundless. Appellee's letter finding no reasonable cause stated merely that the persons hired in appellant's stead "possessed qualifications more in line with their respective positions than did the Charging Party." Such a neutral evaluation is not a deprivation of a liberty interest no matter how undue the process which leads a governmental official to make the evaluation. *Willens v. University of Massachusetts*, 570 F.2d 403 (1st Cir. 1978).

■ There remains to be considered any interest appellant may have lost which proper EEOC processing might have provided. Because a determination of reasonable cause is nonbinding and nonfinal, investigative and not adjudicative, we cannot say that the failure to receive such a determination represents any loss that implicates the Due Process Clause. *See Georator Corp. v. EEOC, supra.* Nor do we think that even arbitrary and capricious denial of the investigative and conciliatory benefits the EEOC can provide to a charging party transgresses the Due Process Clause in a way that would support the implication of a damage remedy. Unlike *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), this case involves the loss of alleged statutory rights to administrative assistance in the vindication of underlying, fundamental statutory and constitutional interests. The interests themselves have not been lost, only the help that Congress intended charging parties receive in vindicating those rights. We think that such statutory rights, if they be "liberty or property" at all within the meaning of the Due Process Clause, are so tangential to the central thrust of Title VII rights—for the deprivation of which Congress *did* provide a remedy—that an implied right of action cannot and should not be found here. Indeed, were we to find that the right to EEOC assistance is protected by an implied right of action found in the Fifth Amendment, then every federal bureaucrat would be subject to judicial review of the most minute aspects of his responsibilities as they affect members of the public. Such is a task we are neither eager nor constitutionally competent to undertake.

Because the complaint does not state a compensable claim for relief under the federal constitution, there was no need for the district court to decide what type of immunity might be available to appellee. *See Butz v. Economou*, 438 U.S. 478, 505, 98 S.Ct. 2894, 57 L.Ed.2d 895 (June 29, 1978).

*Affirmed.*