787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARVIN ECHOLS, Plaintiff-Appellant,
v.
DOW CHEMICAL CO.; EEOC; H. WILLIAMS; DELBERT W. HUNT;
DOLORES L. ROZZI; JOSEPH H. MITCHELL; DOROTHY SMITH; MILTON
C. CRAIGHEAD; BARBER CARTER; AND OTHERS INVOLVED THERE AT
EEOC INCLUDING SUPERVISORS IN THE CONTEXT OF MY (PLTF) CIVIL
RIGHTS COMPLAINTS HEREWITH; MR. JOHN DOES; MRS. JANE DOES,
ALL INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES; ROBERT W.
COFFIELD; KENNETH OTTO; WESLEY TIMM; RAY BRUBAKER; JOSEPH G.
TEMPLE, JR.; PAUL J. OREFFICE; HERBERT H. EDWARDS; JAMES S.
HANSON; LESLIE F. NUTE; FRANK HAMMOND; ROBERT McLAUGHLIN;
WM. GRAVES; FRANK MARTINI; JOE ROSEBERRY; ED WISCHOWSKI; AND
OTHER DOW CHEMICAL CO., ET AL.; AND ALL ATTORNEYS OF DOW
CHEMICAL, ET AL., Defendants-Appellees.
 84-1824, 85-1156
 United States Court of Appeals, Sixth Circuit.
 3/11/86
 
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of plaintiff's motion to proceed in forma pauperis and appeals in Case Nos. 84-1824 and 85-1156 from the district court's judgment dismissing his civil rights complaint and order denying reconsideration of its decision refusing plaintiff in forma pauperis status on appeal. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of plaintiff's motion, the parties's briefs and the certified record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, pro se, filed a civil rights complaint in the district court against defendants, Dow Chemical Company, the EEOC and individual employees of the EEOC. Plaintiff claims that he received disparate treatment while employed at Dow Chemical Company and was wrongfully discharged. In addition, he claims that the EEOC and employees thereof, having failed to find evidence of racial discrimination by Dow Chemical Company, conspired with Dow Chemical Company to deprive him of his constitutional rights. The district court dismissed plaintiff's complaint on October 25, 1984, finding that the matter against Dow Chemical Company was barred by res judicata, and that plaintiff failed to state a claim upon which relief can be granted against EEOC defendants. Plaintiff filed a notice of appeal November 16, 1984 and moved the district court for in forma pauperis status on appeal. That case is docketed as Case No. 84-1824 in this Court. The district court denied the motion and plaintiff moved for reconsideration. Reconsideration was denied and the district court certified plaintiff's appeal as lacking in good faith. From that order, plaintiff filed a second notice of appeal, which is docketed in this Court as Case No. 85-1156. Subsequently he moved this Court for in forma pauperis status. The motion was docketed under both cases. The cases have been consolidated for this Court's review. Both parties submitted briefs.
 
 
 3
 Upon consideration, plaintiff's appeal in Case No. 85-1156 must be dismissed in its entirety. That portion of the appeal from the district court's February 6, 1985 order denying reconsideration is non-appealable. Rule 24(a), Federal Rules of Appellate Procedure. The remaining portion is from the district court's October 25, 1984 judgment and is duplicitous of plaintiff's appeal in Case No. 84-1824. Because Case No. 85-1156 is dismissed, plaintiff's motion to proceed in forma pauperis in Case No. 85-1156 must be denied as moot.
 
 
 4
 Plaintiff's appeal in Case No. 84-1824 fails to state a claim upon which relief can be granted. Plaintiff's claims against Dow Chemical Company were previously considered by this Court in Case No. 81-1042, and are thus barred by the doctrine of res judicata. Hastings v. Rose Courts, Inc., 373 S.W.2d 583, cert. denied, 377 U.S. 964 (1964); Federated Department Stores, Inc. v. Moitie, 452 U.S. 394 (1981).
 
 
 5
 Considering and liberally construing plaintiff's numerous allegations against EEOC defendants, this Court finds that plaintiff has failed to factually support his claim of a conspiracy by providing evidence of any involvement amounting to concerted activity between Dow Chemical Company and EEOC defendants to deprive him of his constitutional rights. Pleading conspiracy under 42 U.S.C. Sec. 1985(3) requires at least minimum factual support of the existence of a conspiracy. Francis-Sobel v. University of Maine, 597 F.2d 15 (1st Cir.), cert. denied, 444 U.S. 949 (1979). Moreover, plaintiff's claims against EEOC defendants fail to sustain an implied cause of action. Francis-Sobel, supra. The EEOC's determination of reasonable cause as to a discrimination complaint is non-binding, non-final, investigative and not adjudicative in nature. The breach of the duty to investigate does not give rise to a constitutional violation amounting to the deprivation of property or liberty interests because dissatisfied plaintiffs have an alternative to seek redress of the alleged discriminatory conduct by de novo review. Francis-Sobel, supra.
 
 
 6
 It is therefore ORDERED that plaintiff's appeal in Case No. 85-1156 be and hereby is dismissed and the motion for in forma pauperis status in Case No. 85-1156 denied as moot. It is further ORDERED that plaintiff's motion to proceed in forma pauperis on appeal on Case No. 84-1824 be and hereby is granted and the district court's judgment in Case No. 84-1824 affirmed.