Marion Lee **LAWRENCE**, Plaintiff,

v.

**CHAIRMAN, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and Secretary, Department of Treasury, Defendants.**

No. 89–CV–740.

United States District Court, N.D. New York.

Jan. 16, 1990.

---

Marion Lee Lawrence, Guilderland, N.Y., pro se.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y. (James C. Woods, Asst. U.S. Atty., Lairold Street, E.E.O.C., Eileen Collins, Asst. Regional Counsel, I.R.S., of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### Introduction

Plaintiff Marion Lee Lawrence, appearing *pro se*, brings this employment discrimination action apparently under Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* Defendants move for an order pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure dismissing the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

### Background

Plaintiff alleges that she was discriminated against by her employer, the defendant Department of the Treasury ("Department"), because of her race. She originally filed an administrative complaint with the Department (complaint # 1) in November 1980, averring that her race was the reason she was not selected for the position of secretary/stenographer. After plaintiff's complaint was investigated by Department officials, the Department issued an initial determination that plaintiff had been discriminated against when she was not selected. However, the Department later reversed that decision, in a revised notice of disposition dated September 25, 1985. Plaintiff then filed another complaint (complaint # 2) with the Department on March 14, 1986, alleging a conspiracy between Department officials to reverse the original finding of discrimination in relation to complaint # 1. The Department rejected complaint # 2, noting a "dire lack of specifics of the matters complained of." Upon review of the Department's determination, the Equal Employment Opportunity Commission ("EEOC"), found, however, that the Department had improperly rejected plaintiff's allegations of conspiracy, reasoning that if the Department determined that plaintiff's allegations were too vague to support her claim, it should have given her the opportunity to provide more information to support her allegations. The EEOC remanded the case to the Department for reconsideration of that issue. The Department subsequently requested a reopening and reconsideration of the EEOC's determination, on the grounds that, in addition to the finding that plaintiff's allegations lacked specificity, they also were untimely under EEOC regulations.[1] The Department also maintained that the plaintiff should be collaterally estopped from rais-

---

1. Title 29 C.F.R. Section 1613.214, titled "Filing and Processing of Complaint," states, in pertinent part:

   (a) Time limits. (1) An agency shall require that a complaint be submitted in writing by the complainant or representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if:

   (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him/her to believe he/she had been discriminated against within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action; and

   (ii) The complainant or representative submitted the written complaint to an appropriate official within 15 calendar days after the date of receipt of the notice of the right to file a complaint. . . .

ing her claims of conspiracy because she had the opportunity to raise them before this court in a separate matter, *Lawrence v. Egger,* Civil No. 81–CV–1385. In that proceeding, this court, after a trial on the merits, determined that plaintiff had not been discriminated against in the Department's selection process. [1986 WL 533] The EEOC, in a decision issued April 27, 1989, granted the Department's request to reconsider, and reversed its earlier decision to remand. The EEOC ruled that since plaintiff was no longer employed by the Department, there was no reasonable expectation that discrimination would recur, and no remedy could be afforded plaintiff even if a conspiracy was found. Moreover, the EEOC ruled that plaintiff's claims were barred by *res judicata,* since this court previously held in *Lawrence v. Egger, supra,* that plaintiff was not discriminated against by the Department, making the question of a conspiracy to discriminate moot.

Plaintiff then sent a letter to Clarence Thomas, chairman of the EEOC, complaining that the EEOC's decision to reopen and reconsider the case "was made without my submissions...." Letter from plaintiff to Clarence Thomas, May 15, 1989. The EEOC denied plaintiff's request to "reopen [her] appeal," stating that "[w]e have considered all of your submissions and find that the decision issued in the request to reopen ... remains the final decision." Letter from Delores L. Rozzi, director of the EEOC Office of Review and Appeals, to plaintiff, May 25, 1989.

Plaintiff then commenced the instant action on June 2, 1989 by filing a "complaint" that consists of an application to proceed *in forma pauperis;* copies of the two letters mentioned above; the EEOC's April 27, 1989 decision; plaintiff's request for reconsideration, dated May 15, 1989; plaintiff's affidavit in support of the request for reconsideration; and various other documents related to the EEOC proceedings. Plaintiff identifies on her civil cover sheet a number of statutes under which she brings this action, although none of these statutory bases for jurisdiction or causes of action are set forth in the papers that make up her "complaint."

## *Discussion*

Two separate motions to dismiss have been made by defendants in this action. Both the EEOC and Department defendants move for dismissal of the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the complaint is insufficient to provide subject matter jurisdiction over the parties, and that it fails to meet the requirements of Fed.R.Civ.P. 8 for the sufficiency of a complaint. They also claim that plaintiff has not obtained personal jurisdiction over the defendants, because defendants have not been served with a "complaint" within the meaning of Rule 8.

The defendants request that, in the alternative, the court consider an earlier motion by defendant EEOC to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), on the ground that neither the EEOC nor its chairman is a proper party to this suit.

Plaintiff has not submitted papers in opposition to either motion, which could be deemed by the court as her consent to granting the motions, pursuant to Rule 10(g) of the General Rules of this court. However, in consideration of plaintiff's *pro se* status, the court will not dismiss the complaint on that ground, and will consider whether dismissal is appropriate on other grounds.

### I. *Insufficiency of Complaint*

■ Defendants join in moving for dismissal based on plaintiff's alleged failure to comply with Fed.R.Civ.P. 8, which provides, in pertinent part:

(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim

showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. . . .

Fed.R.Civ.P. 8(a).

It is implicit that if the complaint fails to meet the requirements of Rule 8, it could not have properly "commenced" a civil action within the meaning of Fed.R.Civ.P. 3.[2] Defendants allege that, even under the liberal standards applied to *pro se* pleadings, "a factual basis for a cognizable claim cannot be discerned from" the materials submitted as plaintiff's complaint.

The filing of a formal complaint is not necessary to commence an action under the Federal Rules of Civil Procedure. In fact, the submission of materials much like those filed by plaintiff in the instant action has been deemed sufficient to commence an employment discrimination action, so long as the papers set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Antoine v. United States*, 781 F.2d 433 (5th Cir.1986). As noted by the Supreme Court in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), "the Federal Rules . . . do not require a claimant to set forth an intricately detailed description of the asserted basis for relief" in order to satisfy the general pleading standard for civil actions brought in federal court. *Id.*, 104 S.Ct. at 1724–25. However, it is well established in the Second Circuit, as elsewhere, that a plaintiff seeking to bring an employment discrimination or other civil rights action "cannot rest on naked assertions or conclusory allegations of discrimination, but must plead some concrete, supporting facts in order to state a claim. . . ." *Nielsen v. Flower Hospital*, 639 F.Supp. 738, 743 (S.D.N.Y.1986); *see also Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978).

The courts which have considered whether papers other than a formal complaint suffice for purposes of commencing an employment discrimination claim have only done so when a right-to-sue letter was filed as part of the complaint. *See Flower Hospital*, 639 F.Supp. at 740; *Antoine*, 781 F.2d 433; *Firle v. Mississippi State Dep't of Educ.*, 762 F.2d 487 (5th Cir.1985); *Mahroom v. Defense Language Institute*, 732 F.2d 1439 (9th Cir.1984); *compare Baldwin County*, 104 S.Ct. 1723 (in which Supreme Court held that right-to-sue letter on its own not sufficient when not accompanied by other papers which provide "short and plain" statement of claim). Plaintiff received notice of her right to file a civil action in the EEOC's decision on defendant Department's request to reopen. This notice was included in her pleadings. However, the complaint does not provide a "short and plain statement of the claim" showing that plaintiff is entitled to relief, as required by Fed.R.Civ.P. 8, and the complaint must accordingly be dismissed.

The sum of plaintiff's claim is contained in her application to proceed *in forma pauperis*, in which she is required to describe the nature of the employment discrimination she alleges. In this section of the application form, plaintiff states:

> The only charge which I am complaining about is racially motivated conspiracy against me by the Department of Treasury employees, namely, Steven Kesselman, Agatha Vorsanger, Eileen Collins, et al.; and about denial of due process of my appeal by the Equal Employment Opportunity Commission/ORA officials, namely, Richard Reda and Ronald Copeland.

The papers submitted by plaintiff as her complaint include several pages of correspondence and other documents related to plaintiff's prior EEOC proceedings. However, the court cannot discern, and will not presume, which of these documents or portions of these documents are intended to serve as the factual basis for plaintiff's claims. Nor can the court determine at this time whether the earlier judicial and

---

**2.** Rule 3, titled "Commencement of Action," states:

A civil action is commenced by filing a complaint with the court.

Fed.R.Civ.P. 3.

administrative determinations may have a preclusive effect on plaintiff's claims. Plaintiff has failed to "plead some concrete, supporting facts in order to state a claim...." *See Flower Hospital*, 639 F.Supp. at 743. Thus, the complaint is dismissed without prejudice to replead as to the secretary of the Department, pursuant to Rule 12(b)(6). The complaint is dismissed with prejudice as to the EEOC, its chairman, and the Department, for the reasons discussed below.

## II. *EEOC Not a Proper Party*

Plaintiff's claim against the EEOC and its chairman is apparently based on her assertion that she was denied due process in the EEOC administrative proceedings.

However, Title VII does not give a right to a plaintiff to bring suit against the EEOC. Title 42 U.S.C. § 2000e–16(c) provides the remedy for federal employees who allege they are victims of unlawful discrimination. Such an employee may file a charge of discrimination with the EEOC, and then, if necessary, bring suit in a federal district court against the alleged discriminating employer.[3] The only proper defendant in such a suit is the head of the employing agency. *Brown v. General Services Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In the instant case, the proper party defendant would be the secretary of the Department of the Treasury.

The legislative history of Title VII does not indicate that Congress intended the EEOC to be subject to suit by a plaintiff dissatisfied with EEOC procedures or administrative determinations, and the courts have rejected efforts by dissatisfied plaintiffs to sue the EEOC over the handling or disposition of complaints. *See, e.g., McCottrell v. EEOC*, 726 F.2d 350 (7th Cir.1984).

Accordingly, neither the EEOC nor its chairman are proper parties to the action brought by plaintiff in the instant case. The complaint is dismissed with prejudice as to the EEOC and its chairman, pursuant to Rule 12(b)(6). The Department of the Treasury is likewise an improper party defendant, and the complaint is dismissed with prejudice as to the Department. As stated above, the complaint is dismissed without prejudice to file and serve another complaint pleading the factual basis of plaintiff's claims as to the secretary of the Department of the Treasury.

IT IS SO ORDERED.

---

**3.** Title 42 U.S.C. § 2000e–16(c) states, in pertinent part:

Within thirty days of receipt of notice of final action taken by ... the Equal Employment Opportunity Commission upon an appeal from a decision or order of [a] department, agency, or unit on a complaint of discrimination, ... an employee or applicant for employment, if aggrieved by the final disposition of his complaint, may file a civil action as provided in section 2000e–5 of this title, *in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.*
(emphasis added)