**Morris J. PEAVEY, Jr., Plaintiff,**

v.

**POLYTECHNIC INSTITUTE OF NEW YORK, New York Department of Human Rights, Equal Employment Opportunity Commission, Defendants.**

No. CV-90-1174.

United States District Court, E.D. New York.

Oct. 19, 1990.

Grace C. Karmiol, Office of Legal Counsel, E.E.O.C., Washington, D.C., Eugene G. Reynolds, Cullen & Dykman, Brooklyn, N.Y., for defendants.

Morris J. Peavey, Jr., pro se.

GLASSER, District Judge:

Plaintiff brings this suit *pro se* under Title VII, Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., against his employer, Polytechnical University of New York, the Equal Employment Opportunity Commission ("EEOC"), and the New York Division of Human Rights, for religious discrimination. The grounds for the suit against the EEOC is that its referral of the suit to the New York Division of Human Rights, and the EEOC's failure to investigate and act on the claim, were improper.

Defendant EEOC moves for dismissal as to itself on three grounds:

(1) Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted;

(2) Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction; and

(3) Rule 12(b)(5), Fed.R.Civ.P., for insufficiency of service of process.

Because dismissal is warranted under Rule 12(b)(6) for failure to state a claim, there is no need to address the jurisdictional issues.

The basis of defendant's motion is that Title VII provides no explicit or implicit cause of action against the EEOC. The circuits which have addressed the issue have uniformly held that no cause of action against the EEOC exists for challenges to its processing of a claim. Representative of this line of cases is *McCottrell v. EEOC,* 726 F.2d 350, 351–52 (7th Cir.1984), which states:

It is settled law, in this and other circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge. *See, e.g., Stewart v. EEOC,* 611 F.2d 679 (7th Cir.1979); *Francis–Sobel v. University of Maine,* 597 F.2d 15 (1st Cir.1979), *cert. denied,* 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979); *Georator Corp. v. EEOC,* 592 F.2d 765 (4th Cir.1979); *Archie v. Chicago Truck Drivers,* 585 F.2d

210 (7th Cir.1978); *Gibson v. Missouri Pacific Railroad,* 579 F.2d 890 (5th Cir. 1978), *cert. denied,* 440 U.S. 921, 99 S.Ct. 1245, 59 L.Ed.2d 473 (1979).

Congress has provided that a plaintiff's remedy in a case such as this is to commence suit in the district court against the party allegedly engaged in discrimination. A plaintiff is there entitled to *de novo* review of his claims.

Or, also representative, is *Francis–Sobel v. University of Maine,* 597 F.2d 15 (1st Cir. 1979), which held that no constitutional cause of action exists against the EEOC for assistance "by the EEOC that was worse than useless":

The attempt to find a right of action implied in the federal constitution raises the question whether an agency's less than useful attempts to bestow a benefit provided by Congress can be so unhelpful as to violate a constitutional right. We think such is not the case here.... [W]e think the agency's action neither deprived the appellant of any interest she may have had independent of the EEOC nor denied her such substantial EEOC–administered benefits as to give rise to a constitutional claim.

    \*    \*    \*    \*    \*    \*

Nor do we think that even arbitrary and capricious denial of the investigative and conciliatory benefits the EEOC can provide to a charging party transgresses the Due Process Clause in a way that would support the implication of a [*Bivens*-type] damage remedy.

*Id.* at 17–18.

Plaintiff's argument before this court as to the fact of and the reasons for the EEOC's handling of this matter are to no avail in the face of well-settled law, regardless of the merits of his underlying claim of discrimination. His opportunity to air argument stating those merits will be had in this court if he so desires, but against the defendant as to which Congress in Title VII has provided a remedy—not against the EEOC.

Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed.R. Civ.P., is herein and hereby granted.

SO ORDERED.