**Susan BABA, Plaintiff–Appellant,**

v.

**JAPAN TRAVEL BUREAU INTERNATIONAL, INC.; New York State Division of Human Rights; United States Equal Employment Opportunity Commission, Defendants–Appellees.**

**Nos. 909, 910, Dockets 95–6368(L), 96–6114(CON).**

United States Court of Appeals, Second Circuit.

Argued Feb. 14, 1997.

Decided April 2, 1997.

Susan Baba, New York City, pro se.

William M. Sunkel, Whitman Breed Abbott & Morgan, New York City, for Defendant–Appellee Japan Travel Bureau International, Inc.

Joan M. Cresap, Assistant Attorney General, New York City (Thomas D. Hughes, Assistant Attorney General, Dennis C. Vacco, Attorney General, Albany, NY, on the brief), for Defendant–Appellee New York State Division of Human Rights.

Luis Quinto, Washington, DC (John F. Suhre, Lairold M. Street, Washington, DC, on the brief) for Defendant–Appellee United States Equal Employment Opportunity Commission.

Before: JACOBS, CALABRESI, and LAY,* Circuit Judges.

PER CURIAM.

Plaintiff Susan Baba appeals *pro se* from two separate final judgments of the United States District Court for the Southern District of New York (Sotomayor, *J.*) dismissing her claims for, *inter alia,* employment discrimination on the basis of national origin

---

* The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the

Eighth Circuit, sitting by designation.

and sex, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). The first judgment, entered on September 30, 1995 pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, dismissed Baba's claims against the New York State Department of Human Rights ("DHR") and the United States Equal Employment Opportunity Commission ("EEOC"), on the grounds (respectively) of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1] *See Baba v. Japan Travel, Bureau Int'l, Inc.,* No. 94–CV–2171 (SS), 1995 WL 35702, at *2 (S.D.N.Y. Jan.30, 1995) ("DHR Order"); *Baba v. Japan Travel, Bureau Int'l, Inc.,* No. 94–CV–2171 (SS), 1995 WL 35689, at *1–*2 (S.D.N.Y. Jan.30, 1995) ("EEOC Order").

The second judgment, entered on March 18, 1996, dismissed Baba's claims against Japan Travel Bureau International, Inc. ("JTBI"), pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, on the ground that Baba had repeatedly and wilfully refused to comply with the district court's discovery orders. *See Baba v. Japan Travel Bureau Int'l, Inc.,* 165 F.R.D. 398, 402–04 (S.D.N.Y.1996) ("JTBI Order"). Baba filed timely notices of appeal from both final judgments and those appeals have been consolidated here.

Baba's complaint alleges that she was employed as a tour escort for JTBI from November 27 to December 28, 1991, and that JTBI fired her by reason of her sex and national origin (Baba is of Japanese descent), in violation of Title VII. The complaint also alleges that previously issued determinations by DHR and the EEOC—dismissing Baba's administrative complaints against JTBI for lack of jurisdiction—were procedurally flawed,[2] and were "arbitrary and capricious." Baba adds that DHR's determination was based on "misrepresentations of facts, events, evidence and law," and was issued "by use of fraud[,] . . . by abuse of process[,] . . . [and] in violation of due process."

The district court ruled that Baba's claims against DHR were barred by the Eleventh Amendment to the United States Constitution, and dismissed them for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Essentially, Baba had invoked federal due process rights to vacate DHR's administrative determination. *See* DHR Order at *2. But the court held that these claims for "equitable and legal relief for past conduct" were barred, reasoning that: (i) "the Eleventh Amendment . . . bars suits in federal court by citizens against an unconsenting state or state agency"; (ii) "New York has not consented to be sued in federal court"; and (iii) "[t]his bar applies whether the relief sought is legal or equitable." *Id.* at *1–*2.

The district court dismissed Baba's claims against the EEOC for failure to state a claim under Fed.R.Civ.P. 12(b)(6), on the grounds that "courts have rejected the claim that a cause of action exists under Title VII against the EEOC for its improper investigation or processing of a discrimination charge," and that "courts have also rejected the claim that a cause of action exists against the EEOC on other grounds, including the ADEA." EEOC Order at *1, *2 (citing cases). After reviewing the weight of authority on these issues, the court found "no reason in the language, purpose or structure of Title VII to disagree with" these conclusions, and accordingly ruled that Baba had no cause of action for discrimination against the EEOC. *Id.* at *2.

Finally, the district court dismissed with prejudice Baba's claims against JTBI, as a sanction under Fed.R.Civ.P. 37(b), for her "wilful[ ] disregard[ ]" of the court's discovery orders "for more than a year," and her "persist[ence] in [such] behavior despite [the court's] repeated warnings that her actions

---

1. The district court's September 30, 1995 judgment entered as final judgments the court's two previous Orders (dated January 30, 1995) dismissing Baba's claims against DHR and EEOC.

2. DHR's determination, issued in June 1992, stated that jurisdiction was lacking because Baba was an independent contractor and not an employee of JTBI. The EEOC's determination, in October 1993, dismissed Baba's complaint for lack of jurisdiction based on the finding that JTBI had committed no Title VII violation.

could result in dismissal." JTBI Order at 404.

The record reveals that during the course of discovery Baba: (a) repeatedly gave inadequate and evasive answers to interrogatories and deposition questions (both oral and written), and refused to furnish requested documents, despite at least four express orders by the district court to provide such discovery, *id.* at 399–401; (b) persisted in filing her own discovery requests against JTBI despite at least two express warnings by the district court not to do so, *id.;* (c) violated the district court's explicit order to turn over the original, unredacted copy of her appointment book, instead "whiting out" certain entries in the document, *id.* at 400; (d) behaved disruptively at her deposition, responding to questions in a defensive and argumentative manner and preventing completion of the deposition, *id.;* and (e) ignored at least six separate warnings by the district court concerning the possible imposition of discovery sanctions, including two warnings explicitly notifying Baba that her continued failure to comply with the court's discovery orders could or would result in the dismissal of her action with prejudice, *id.* at 399–402, 404.

■ We affirm the dismissal of Baba's claims against DHR and JTBI substantially for the reasons stated in the district court's Orders entered September 30, 1995 and March 18, 1996. First, we agree that Baba's claims against DHR are barred by the Eleventh Amendment. As the district court ruled, Baba's suit "seek[s] equitable and legal relief for past conduct" against a state agency, and it is beyond cavil that "the Eleventh Amendment bars this [type of] suit." DHR Order at *2; *see also, e.g., Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); *Edelman v. Jordan,* 415 U.S. 651, 662–64, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *New York City Health & Hospitals Corp. v. Perales,* 50 F.3d 129, 134–35 (2d Cir.1995).

■ We also agree that Baba's stubborn failure to comply with the court's discovery orders justified the district court's decision to dismiss Baba's claims against JTBI, pursuant to Fed.R.Civ.P. 37(b). This Court does not hesitate to affirm the dismissal of claims as a sanction for "willfulness, bad faith, or any fault" on the part of the sanctioned party. *See Jones v. Niagara Frontier Transp. Auth. (NFTA),* 836 F.2d 731, 734 (2d Cir.1987) (citations omitted); *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 764 (2d Cir. 1990); *Valentine v. Museum of Modern Art,* 29 F.3d 47, 49 (2d Cir.1994). Moreover, we have upheld "[t]he severe sanction of dismissal with prejudice ... even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal." *Valentine,* 29 F.3d at 50 (affirming dismissal with prejudice of employment discrimination claim where record revealed "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders ... would result in the dismissal of [the] action"). As we have stated, "all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they ... must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988).

The record in this case amply demonstrates Baba's repeated defiance of the district court's orders and fully supports the court's finding that her actions were "wilful," and therefore warranted dismissal. JTBI Order at 403–04. Furthermore, as documented in the district court's thorough opinion, Baba was given explicit warnings on numerous occasions that her noncompliance with the court's discovery orders would result in sanctions, including (possibly) the dismissal of her case. We therefore agree that the district court "show[ed] Baba every consideration due a pro se plaintiff," *id.* at 404, and that dismissal under Rule 37(b) was perfectly appropriate in these circumstances.

■ Our chief purpose in issuing this opinion is to address the district court's dismissal of Baba's claims against the EEOC. The district court ruled that Baba lacked an express or implied cause of action under Title VII to sue the EEOC for its allegedly improper investigation or processing of a case; in so doing, the district court relied on nu-

merous decisions from other courts of appeal. *See* EEOC Order at *1 (citing cases). Although this Court has not yet addressed this issue squarely, several district courts within this Circuit and (apparently) every court of appeal that has considered the issue agree that Title VII provides no cause of action—either express or implied—against the EEOC for claims of procedural defects. *See, e.g., Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir.1991) ("The circuits which have addressed the issue have uniformly held that no cause of action against the EEOC exists for challenges to its processing of a claim.") (quoting *Peavey v. Polytechnic Inst.*, 749 F.Supp. 58, 58 (E.D.N.Y.1990) (Glasser, J.), *aff'd mem.*, 940 F.2d 648 (2d Cir.1991)); *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir.1984); *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir.1983); *Francis–Sobel v. University of Maine*, 597 F.2d 15, 17–18 (1st Cir.1979); *Georator Corp. v. EEOC*, 592 F.2d 765, 767.– 68 (4th Cir.1979); *Gibson v. Missouri Pac. R.R.*, 579 F.2d 890, 891 (5th Cir.1978); *Marinoff v. Department of Housing & Urban Dev.*, 892 F.Supp. 493, 496 (S.D.N.Y.1995); *Lawrence v. EEOC*, 728 F.Supp. 899, 903 (N.D.N.Y.1990) (McCurn, *Ch. J.*).

We find the reasoning of these cases persuasive. First, the plain text of Title VII contains no express cause of action against the EEOC. *See, e.g., Ward*, 719 F.2d at 313 (noting that "[o]nly present or former employees of the EEOC ... who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC"); *Lawrence*, 728 F.Supp. at 903. Second, it is evident—under the traditional analysis used to determine whether a federal statute provides an implied private right of action—that Title VII does not impliedly authorize suits against the EEOC. "[T]he central inquiry" in this analysis is the intent of Congress, *Feins v. American Stock Exch., Inc.*, 81 F.3d 1215,

1220 (2d Cir.1996) (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979)), which may be deduced by examining "the language of the statute itself, its legislative history, the underlying purpose and structure of the statutory scheme, and the likelihood that Congress intended to supersede or to supplement existing state remedies," *id.* (quoting *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 91, 101 S.Ct. 1571, 1580, 67 L.Ed.2d 750 (1981)).[3] Applying these settled principles, the courts that have considered this question have with unanimity concluded that "the legislative history of the 1972 amendments to Title VII strongly indicates that *Congress did not intend to imply a private cause of action against the EEOC.*" *Ward*, 719 F.2d at 313 (emphasis added); *see also Francis–Sobel*, 597 F.2d at 17–18; *Lawrence*, 728 F.Supp. at 903; *Peavey*, 749 F.Supp. at 58–59.

We agree with this conclusion; like the court in *Ward* (for example), we think that "[i]mplying a cause of action against the EEOC contradicts [Title VII's] policy of individual enforcement of equal employment opportunity laws and could dissipate the limited resources of the [EEOC] in fruitless litigation with charging parties." *Ward*, 719 F.2d at 313. We therefore hold that Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge. The district court's dismissal of Baba's claims against the EEOC is affirmed.

---

**3.** Although not necessarily accorded equal weight, the four factors originally identified by the Supreme Court as relevant to the "implied right of action" test are:
■ Whether the plaintiff is one of the class for whose especial benefit the statute was enacted; [2] whether there is an indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; [3]

whether implying such a remedy is consistent with the underlying purposes of the legislative scheme; and [4] whether the cause of action is one traditionally relegated to state law. *Feins v. American Stock Exch., Inc.*, 81 F.3d 1215, 1220 (2d Cir.1996) (citing *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975)).