**Anna J. CAULEY, Plaintiff,**

v.

**INGRAM MICRO, INC., Defendant.**

**No. 99–CV–193S.**

United States District Court,
W.D. New York.

Jan. 6, 2004.

Anna J. Cauley, Niagara Falls, NY, Pro Se.

Kavinoky & Cook, Randolph C. Oppenheimer, of Counsel, Buffalo, NY, for the Defendant.

**DECISION AND ORDER**

SKRETNY, District Judge.

1. This Court referred the above-captioned case to the Honorable Leslie G. Foschio, United States Magistrate Judge, for all pre-trial matters, including the hearing of non-dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A).

2. On October 24, 2003, Judge Foschio filed a Report and Recommendation recommending that Defendant Ingram Micro's Cross–Motion for Sanctions be granted and that Plaintiff Anna J. Cauley's Complaint be dismissed. In the alternative, Judge Foschio recommended that Defendant's Cross–Motion to Compel Discovery be granted.

3. Plaintiff filed Objections to Judge Foschio's Report and Recommendation on December 22, 2003.

4. This Court has carefully reviewed *de novo* Judge Foschio's Report and Recommendation. In addition, this Court has given due consideration to Plaintiff's Objections thereto.

IT HEREBY IS ORDERED that this Court accepts Judge Foschio's Report and Recommendation (Docket No. 89), including the authorities cited and the reasons given therein, with respect to the recommendation that Defendant's Cross–Motion for Sanctions be granted.

FURTHER, that Plaintiff's Objections to Judge Foschio's Report and Recommendation (Docket No. 91) are DENIED.

FURTHER, that Defendant's Cross–Motion for Sanctions (Docket No. 83) is GRANTED.

FURTHER, that Defendant's Cross–Motion to Compel Discovery (Docket No. 83) is DENIED as moot.

FURTHER, that Plaintiff's Complaint is DISMISSED.

FURTHER, that the Clerk of the Court shall take the steps necessary to CLOSE this case.

SO ORDERED.

## REPORT and RECOMMENDATION

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

On July 19, 1999, Hon. William M. Skretny referred this matter pursuant to 28 U.S.C. § 636(b)(1)(A). The matter is presently before the court of Defendant's cross-motion filed June 25, 2003 for sanctions and/or to compel (Doc. No. 83).

### BACKGROUND

Defendant's first motion to compel discovery was filed on October 2, 2000 because of Plaintiff's failure to respond to Defendant's discovery requests (Doc. No. 18). This motion was dismissed by the court except as to disclosure of medical records, which was granted if the parties entered into a confidentiality agreement. A stipulation and order, designating Plaintiff's medical records as confidential, was filed November 14, 2000. A second motion to compel was filed by Defendant on June 25, 2002 requesting an order directing Plaintiff's immediate compliance with Defendant's outstanding discovery requests (Doc. No. 55). A third motion to compel Plaintiff to attend an independent medical examination was filed by Defendant on September 6, 2002 (Doc. No. 61).

By Decision and Order filed January 24, 2003, this court granted Defendant's motions to compel discovery (Doc. No. 55 and 61), including the completion of Plaintiff's deposition, and also to appear and participate in a independent medical examination pursuant to Fed.R.Civ.P. 35(a) (Doc. No. 72). The order also instructed Plaintiff to identify her physicians, pharmacies and schools, produce certain records, and sign the authorizations provided to her. Plaintiff was advised in the Decision and Order that failure to comply with this order may subject her to sanctions including dismissal of her complaint with prejudice.

Plaintiff filed her objections to the Decision and Order on February 12, 2003 (Doc.

No. 74). The District Court stayed all deadlines set in the January 24, 2003 Decision and Order pending resolution of Plaintiff's objections (Doc. No. 76). By Decision and Order filed May 29, 2003, District Judge William M. Skretny affirmed the Decision and Order filed January 24, 2003 and ordered that Plaintiff provide outstanding discovery to Defendant on or about June 30, 2003; that Plaintiff's deposition be rescheduled and completed on or before July 31, 2003; that Plaintiff's Rule 35 examination be scheduled and completed on or before August 29, 2003; that any request for an extension of these deadlines be made to Magistrate Judge Foschio. Plaintiff was reminded in Judge Skretny's order that failure to comply with this order may subject her to serious sanctions, including the dismissal of this action with prejudice (Doc. No. 79). Plaintiff did not request any extension of the above dates as set forth in Judge Skretny's order.

On June 11, 2003, Plaintiff filed a motion for appointment of counsel (Doc. No. 81).[1] Following the filing of this motion, Plaintiff informed Defendant's counsel by leaving voice mail messages on June 16, 2003, that she would not be attending her independent medical examination scheduled for June 17, 2003.

On June 25, 2003, Defendant filed the instant cross-motion for sanctions and/or to compel (Doc. No. 83). Plaintiff's reply affidavits in opposition to Defendant's cross-motion were filed June 11, 2003 (Doc. Nos. 65 and 86). Defendant's reply affidavit in further support of its motion was filed July 16, 2003 (Doc. No. 87). Oral argument was deemed unnecessary. For the following reasons, Defendant's motion should be granted, and Plaintiff's complaint should be dismissed as a sanction for her failure to comply with this court's orders.

### DISCUSSION

 The district court may impose sanctions when "a party ... fails to obey an order to provide or permit discovery." Fed.

---

1. By Order dated October 22, 2003, this court denied Plaintiff's motion for assignment of counsel. (Doc. No. 88).

R.Civ.P. 37(b). Imposition of discovery sanctions is within the broad discretion of the court. *See Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir.1990), *cert. denied*, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991); *Penthouse International, Ltd., v. Playboy Enterprises, Inc.*, 663 F.2d 371, 386–87 (2d Cir.1981). Here, Plaintiff has not complied with two orders of this court directing her to provide discovery, complete her deposition and to participate in an independent medical examination. Both orders specifically warned Plaintiff that failure to comply with the order shall subject her to serious sanctions, including dismissal of this action with prejudice. Failure to comply with discovery orders justified the district court's decision to dismiss plaintiff's claims. *Baba v. Japan Travel Bureau International, Inc.*, 111 F.3d 2 at 5. As the court in *Baba* stated "all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they ... must suffer the consequences of their actions." *Baba, supra* at 5.

■ In this case, Plaintiff claims that as the court continues to place her mental health in controversy, then Plaintiff's ability to give consent to the release of medical records, submit to further depositions without representation is also in controversy. Plaintiff's Reply Affidavit filed July 11, 2003 at ¶ 4. Such assertions are insufficient to avoid sanctions. There is nothing in the record to suggest Plaintiff's bizarre assertion that because she alleges serious mental distress damages she is incompetent. As in *Baba*, Plaintiff has demonstrated unexcused and wilful noncompliance with two orders of this court. Federal litigation is not a game. Plaintiff has been sufficiently warned that her refusal to cooperate in discovery subjects her complaint to dismissal. The court will not tolerate Plaintiff's interference with the orderly disposition of her case. Accordingly, the Complaint should be DISMISSED pursuant to Fed.R.Civ.P. 37(b)(2)(C).

Alternatively, if the District Court does not dismiss Plaintiff's complaint, Defendant's cross-motion to compel should be granted. Defendant claims Plaintiff has failed to provide requested discovery covering the following information: (a) identify and sign authorizations to obtain the records of all OB/GYN physicians with whom Plaintiff treated; (b) identify and sign authorizations to obtain the records for all pharmacies where Plaintiff obtained or now has prescriptions; (c) identify and provide authorizations to obtain the records of grammar school and all other school that Plaintiff attended (with the exception of City of Niagara Falls High School, Niagara Community College and Niagara University); provide copies of W–2 forms for the tax years 2000, 2001 and 2002, (e) sign authorizations to obtain the records of the plaintiff, if any, from the City of Niagara Falls and the City of Buffalo Police Departments; (f) sign authorization to obtain military records of the plaintiff, (g) attend an independent medical examination and (f) attend her deposition. Defendant's Notice of Cross–Motion (Doc. No. 83) filed June 25, 2003 at 2–3. Plaintiff fails to provide any opposition to Defendant's cross-motion to compel. Should the District Judge choose not to accept the recommendation that Plaintiff's complaint be dismissed as a Rule 37 sanction, Defendant's cross-motion is GRANTED.[2]

### CONCLUSION

Based on the foregoing, Defendant's cross-motion (Doc. No. 83) should be GRANTED and Plaintiff's complaint be DISMISSED. Alternatively, if the District Judge does not accept the recommended sanction of dismissal, then Defendant's cross-motion to ·compel (Doc. No. 83) is GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of

---

2. The court notes Defendant's motion is the second motion to compel the requested information, a request that should have been unnecessary, except for Plaintiff's unexcused failure to comply with this court's prior order (Doc. No. 72).

service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and the attorneys for the Defendant.

SO ORDERED.

Dated Oct. 24, 2003.