**422**

UNITED STATES of America, Plaintiff,

v.

**PILOT PETROLEUM ASSOCIATES, INC.; Pilot Petroleum Products, Inc.; Sonic Petroleum Corp., Inc.; and O.B. Enterprises, Inc., Defendants.**

No. 85 CV 2918.

United States District Court,
E.D. New York.

Oct. 19, 1988.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. (Kiyo Matsumoto, Asst. U.S. Atty., Debra Rosenberg, U.S. E.P.A., of counsel), for plaintiff.

Kenneth L. Robinson, Levine & Robinson, P.C., Mitchell Field, N.Y., for defendants Pilot Petroleum Associates, Inc. and Pilot Petroleum Products.

Paul Sibener, Tannanbaum & Sibener, Commack, N.Y., for defendants Sonic Petroleum Corp., Inc. and O.B. Enterprises, Inc.

### ORDER

McLAUGHLIN, District Judge.

This action is before the Court on cross motions for summary judgment pursuant to Fed.R.Civ.P. 56.

The standard for summary judgment is now axiomatic. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). Once the movant identifies those material facts that are allegedly undisputed, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e).

Implementing Rule 56, Local Rule 3(g) of the Civil Rules for the Southern and Eastern Districts of New York provides:

Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement re-

quired to be served by the opposing party.

The plain language of the rule provides that the failure of the moving party to submit a Rule 3(g) statement is grounds for denying the motion. Similarly, where the non-movant fails to submit a response to a Rule 3(g) statement, the facts set forth in the movant's Rule 3(g) statement are deemed admitted. *See, e.g., Dusanenko v. Maloney*, 726 F.2d 82, 84 (2d Cir.1984); *City of Yonkers v. Otis Elevator Co.*, 649 F.Supp. 716, 723 (S.D.N.Y.1986), *aff'd*, 844 F.2d 42, 47 n. 5 (2d Cir.1988).

A problem arising in this case—and lamentably in too many other cases—is the sufficiency of a non-movant's response to a movant's Rule 3(g) statement. Plaintiff's Rule 3(g) statement contains 64 numbered paragraphs each containing facts said to be undisputed. In response, defendants have replied as follows: "Defendants state that there are material issues as to the following allegations contained in Plaintiff's 3(g) statement for the reasons set forth in the Affidavits and Exhibits annexed to Defendants' response papers: 3, 5, 7, 14, 15, 19, 20, 24, 25, 27, 28, 29, 30, 36, 38, 42, 51, 53 and 60." This response, defendants claim, satisfies the requirement that the non-movant submit "a separate, short and concise *statement of the material facts* as to which it is contended that there exists a genuine issue to be tried." Local Rule 3(g) (emphasis added). I vigorously disagree.

By the time an action is ripe for a motion for summary judgment, the time has long passed for "conclusory assertions and disputations," *City of Yonkers, supra*, 649 F.Supp. at 723 n. 8, like those found in an answer to a complaint. With discovery completed and the issues fine-tuned, the parties are in the autumn of the litigation. It falls to the court, upon a motion for summary judgment, to determine whether the time and expense of a trial is necessary

at all. True, a Rule 3(g) statement must be short and concise; but it cannot be anemic. Within its four corners, the non-movant's Rule 3(g) statement must contain a summary of the facts that are in dispute.

Rule 3(g) statements are the compass by which the court will chart the issues for trial. The affidavits and other material submitted pursuant to Rule 56(e) are the evidence supporting the allegations made in the Rule 3(g) statement. It is the burden of the non-movant, through the Rule 3(g) statement, to identify not only the facts that it alleges are disputed, but to direct the court to that part of the record, be it an affidavit or a portion of deposition testimony or any other competent evidence, that supports its view of the facts. *See* Fed.R.Civ.P. 56(e). To construe Rule 3(g) any other way shifts the pleader's burden to the court.[1] In short, a document submitted pursuant to Rule 3(g) does not become a Rule 3(g) statement simply because the party has denominated it as such.

In plaintiff's reply papers, defendants were put on notice that their Rule 3(g) statement submitted both in opposition to plaintiff's motion and in support of their summary judgment motion was insufficient. Rather than seek leave to supplement their response, defendants' steadfastly concluded that they had met their burden of defending plaintiff's motion. Although the Court is tempted to deem the facts of plaintiff's Rule 3(g) statement admitted, the sheer volume of affidavits and the other material submitted in opposition suggest, that in this particular case, there may well exist a *genuine issue of fact*. Because heretofore there may have been a lack of guidance with respect to the sufficiency of Rule 3(g) statements, it is hereby ORDERED that within twenty (20) days from the date of the filing of this Order, defendants submit a statement pursuant to

---

1. A simple example makes the point. The movant's Rule 3(g) statement states that: at approximately 3:19 P.M. John Doe was driving his yellow Volkswagen on the Long Island Expressway. The non-movant's response simply states that it "denies that this statement is undisputed." The court is then obligated to riffle through the record to determine whether the dispute exists as to each element of the statement or whether the dispute surrounds the time alleged, the driver alleged, the car alleged or situs alleged. In common-law pleading this vice was known as the negative pregnant, and was the source of judicial irritation before Columbus discovered America. *Cf.* 28 Hen. VI, 7 (1449).

**424**

Rule 3(g) consistent with this Order and based on the record now before the Court. Plaintiff shall have twenty (20) days from the filing thereof to respond to any Rule 3(g) statement by defendants in support of their motion for summary judgment.

SO ORDERED.