Hector R. GONZALEZ, Plaintiff,

v.

Major General John E. LONG, Commander, Army and Air Force Exchange Service, Casper Weinberger, Secretary, Department of Defense, Defendants.

No. 88–CV–3690.

United States District Court,
E.D. New York.

June 29, 1995.

---

3. At the close of its case at trial, CAI voluntarily dismissed the remaining counts in the complaint.

Hector R. Gonzalez, Brooklyn, NY, plaintiff, pro se.

Zachary W. Carter, U.S. Atty., E.D.N.Y., Brooklyn, NY by Sarah J. Lum, Asst. U.S. Atty., for defendants.

## MEMORANDUM AND ORDER

BLOCK, District Judge:

Plaintiff Hector R. Gonzalez, an Hispanic male, commenced this employment discrimination action, *pro se*, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that defendants discriminated against him based on his race and gender. Presently before the Court is defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. As explained more fully below, plaintiff may submit additional materials in response to this motion.

Plaintiff was employed as a warehouse worker for the Army and Air Force Exchange Service ("AAFES"). On August 7, 1986, the AAFES Exchange Manager issued to plaintiff an Advance Notice of Suspension for thirty days, citing an unexcused absence and repeated tardiness. On August 22, 1986, as a result of alleged continuing tardiness, the Exchange Manager withdrew the Advanced Notice of Suspension and issued in its stead an Advance Notice of Separation for Cause. In his reply to this notice, plaintiff claimed, *inter alia*, that his absence and tardiness were justified and, in any event, his supervisor did not similarly discipline his co-workers who likewise were tardy. On September 16, 1986, the Exchange Manager rejected plaintiff's claims and issued a final decision, terminating plaintiff's employment.

By memorandum dated October 10, 1986, plaintiff appealed this decision to the AAFES' Vice Commander through an internal appeal mechanism. Plaintiff requested reinstatement and exercised his right to an internal evidentiary hearing, which was held on April 7, 1987. By decision dated December 10, 1987, the Vice Commander confirmed plaintiff's separation for cause after adopting the hearing examiner's conclusion that plaintiff's employment was properly terminated because of his absence from duty without approval on one occasion and tardiness on 23 other occasions. The Vice Commander's confirmation was a final decision not subject to further appeal or review.

While this internal appeal was pending before the Vice Commander, the AAFES' EEO Director was investigating a separate formal complaint of discrimination which plaintiff filed with the AAFES on the effective date of his termination, September 22, 1986. In that complaint, plaintiff alleged that he was treated differently from his female and non-Hispanic co-workers and that this discriminatory treatment was the reason for his termination. After concluding his investigation, the AAFES' EEO Director rendered a decision, dated November 30, 1987, concluding that plaintiff's allegations of discrimination were without merit because he failed to establish that his position was filled by a female or non-Hispanic. Moreover, the Director found that, in any event, defendants "articulated legitimate, nondiscriminatory reasons for the termination action, *i.e.,* [plaintiff's] continuing, well-documented pat-

tern of unauthorized absenteeism and tardiness, and his failure to respond to repeated attempts at corrective action to improve his poor attendance record within a reasonable time." AAFES Decision ¶ 7 (Nov. 30, 1987).

On December 21, 1987, plaintiff appealed this decision to the Equal Employment Opportunity Commission, Office of Review and Appeals ("EEOC ORA"). In a decision dated April 28, 1988, the EEOC ORA, without further hearings, affirmed the AAFES' EEO Director's decision, holding that plaintiff "failed to show, by a preponderance of the evidence, pretext concerning his discipline and termination." EEOC ORA Decision at 4 (Apr. 28, 1988). On October 6, 1988, the EEOC ORA denied as untimely plaintiff's request to reopen and reconsider its decision. This Title VII action followed.

■■■ Even though plaintiff has had the benefit of extensive internal administrative proceedings, as well as review by the EEOC ORA, he is, nonetheless, entitled to initiate a *de novo* Title VII action and, in effect, relitigate in a federal court his employment discrimination claims. *Brown v. General Servs. Admin.*, 425 U.S. 820, 824, 96 S.Ct. 1961, 1964, 48 L.Ed.2d 402 (1976) (holding that federal employees have the same right as private sector and state government employees to *de novo* review under Title VII); *see Peavey v. Polytechnic Inst. of New York*, 749 F.Supp. 58, 59 (E.D.N.Y.1990), *aff'd*, 940 F.2d 648 (2d Cir.1991). Nonetheless, it is entirely appropriate for defendants to move for summary judgment on the basis of the record created at the prior administrative proceedings. Accordingly, defendants support their summary judgment motion by submitting exhibits and testimony from these proceedings, attached as "Exhibits" to their "Statement Pursuant to Local Rule 3(G)," and referencing in a memorandum of law those specific portions of the record upon which the EEOC ORA relied in rejecting plaintiff's discrimination claims.

For his part, plaintiff opposes defendants' motion by merely submitting a conclusory one and one-half page affidavit entitled, "Answer to Defendants' Memorandum of Law on Motion for Summary Judgment," which, although pointing the Court to various portions of the Army and Air Force Regulations pertaining to general "Personnel Policies," does not direct the Court to any evidence in the records of the prior proceedings, or elsewhere, in support of his generalized naked claim of racial and gender discrimination.

Thus, defendants, as the moving parties, have sustained their summary judgment burden under Rule 56(c) of demonstrating the absence of any genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), and plaintiff, as the party opposing summary judgment, has failed to come forward with "*specific facts* showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e) (emphasis added). In this regard, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

Moreover, plaintiff has not complied with Local Rule 3(g) of the Eastern District of New York ("Rule 3(g)"). This rule provides that "[u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," and further provides that papers submitted by the party responding to a summary judgment motion must "include a separate, short and concise statement of the material facts as to which it contend[s] that there exists a genuine issue to be tried." Defendants have substantially complied with this rule by simultaneously submitting with their notice of motion and memorandum of law 10 separately numbered paragraphs of allegedly incontrovertible material facts, although their Rule 3(g) statement was annexed to their

exhibits rather than separately to their notice of motion. Plaintiff has ignored the rule.

"It is the burden of the non-movant, through the Rule 3(g) statement, to identify not only the facts that it alleges are disputed, but to direct the court to that part of the record, be it an affidavit or a portion of deposition testimony or any other competent evidence, that supports its view of the facts." *United States v. Pilot Petroleum Assocs., Inc.,* 122 F.R.D. 422, 423 (E.D.N.Y.1988). Because of plaintiff's failure to do so, the Court is empowered under Rule 3(g) to deem admitted all of the material facts set forth in defendants' Rule 3(g) statement.

■ Plaintiff's abject failure to comply with the requirements of Rule 56(e) and Local Rule 3(g) would normally require the Court to grant the defendants' summary judgment motion. The Court, however, is mindful that *pro se* litigants should be given special latitude in responding to such a motion. *See Graham v. Lewinski,* 848 F.2d 342, 344 (2d Cir.1988) ("special solicitude should be afforded *pro se* litigants generally, when confronted with motions for summary judgment"); *Ruotolo v. Internal Revenue Serv.,* 28 F.3d 6, 8 (2d Cir.1994) ("The failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal"); *Delgado v. Koehler,* 1993 WL 227715 at *1 (S.D.N.Y. June 22, 1993) ("it would be premature to accept all of the facts contained in defendant's Rule 3(g) statement simply because of [*pro se*] plaintiff's initial failure to file a response").

Accordingly, plaintiff may submit affidavits and additional material in accordance with Rule 56(e), together with a counter Rule 3(g) statement, on or before August 7, 1995. Defendants may submit reply papers by August 21, 1995. The motion is scheduled for oral argument before the Court on September 8, 1995, at 11:30 a.m.

■ In preparing his additional submissions, plaintiff should be mindful that "[p]urely conclusory allegations of discrimination, absent any concrete particulars" will be insufficient to withstand defendants' summary judgment motion. *See Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

Plaintiff is also reminded that, as required by Rule 56(e), he may only submit affidavits based on the affiant's personal knowledge. In this regard, conclusory allegations that defendants did not treat similarly absent and tardy co-workers in a manner consistent with his termination would not survive the summary judgment motion in the absence of concrete, *factual* support—not mere conjecture.

Furthermore, in light of plaintiff's *pro se* status, the Court, on its own initiative, recommends that he familiarize himself with cases which set forth the evidentiary burden which a plaintiff must sustain to establish a *prima facie* case of discriminatory *discharge* or discriminatory *treatment, see, e.g., Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *Chambers v. TRM Copy Centers Corp.,* 43 F.3d 29, 37 (2d Cir.1994); *Meiri,* 759 F.2d at 994–98; *Hunter v. Citibank, N.A.,* 862 F.Supp. 902, 908 (E.D.N.Y. 1994), as well as the spate of recent Second Circuit decisions addressing summary judgment in the context of age discrimination cases, which are conceptually comparable to Title VII claims. *See, e.g., Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196 (2d Cir.1995); *Viola v. Philips Medical Sys. of North America,* 42 F.3d 712 (2d Cir.1994); *Woroski v. Nashua Corp.,* 31 F.3d 105 (2d Cir.1994).

**SO ORDERED.**